■ JOANN STEIGER et al., Respondents, v DANIEL J. MASON et al., Appellants, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants Daniel J. Mason and M & E Obstetrics and Gynecology Group, P. C., appeal from so much of a judgment of the Supreme Court, Nassau County (Widlitz, J.), entered May 7, 1985, as is in favor of the plaintiffs and against them in the principal sum of $500,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Although we conclude that there were numerous instances in this two-week trial in which the plaintiffs' counsel acted

with excessive zeal in questioning the defendant Mason, we do not believe that they rise to a level that requires reversal. Counsel was entitled to some leeway in his examination of this adverse witness, who was protected by the prompt objections of counsel. An experienced Trial Judge was in control of the proceedings throughout, and despite his exasperation with both counsel he did not declare a mistrial, nor does it appear that any request for such action was made. The conduct of counsel thus does not warrant reversal and a new trial.

Nor do the limitations imposed by the court on the cross-examination of the plaintiff Joann Steiger require a new trial. The manner in which cross-examination is conducted is largely within the discretion of the trial court (see, Feldsberg v Nitschke, 49 NY2d 636, 643). The court did not abuse that discretion by requiring that the appellants' counsel, in attempting to impeach the plaintiff Joann Steiger by the use of her deposition testimony, read both the oral answer and the change she had made in the transcript. A deposed party is entitled to change her answer before executing the deposition (CPLR 3116), and the fact that counsel was required to read both the oral answer and the change did not preclude him from probing that inconsistency or the inconsistency between the oral answer and the plaintiff Joann Steiger's trial testimony.

Finally, we would not reverse on the basis of the court's ruling that prevented Mrs. Steiger from being confronted on cross-examination with a bill of particulars her attorney had verified. The bill contained a claim for lost earnings opportunity but the plaintiffs made no such claim at the trial. No detailed analysis of the legal merits of the ruling is necessary since its effect is simply too insignificant to warrant overturning the verdict.

We do not regard the verdict with respect to damages as excessive under the applicable standards of review. Lazer, J. P., Mangano, Lawrence and Kooper, JJ., concur.