(August 17, 1989)

■ JAMES BRADY et al., Appellants, v EXXON COMPANY, U.S.A., Respondent and Third-Party Plaintiff-Respondent. IRA D. CONKLIN AND SONS, INC., et al., Third-Party Defendants-Respondents.—Order of the Supreme Court, Bronx County (Jack Turret, J.), entered July 11, 1988, which granted a motion by third-party defendant Dover Corporation/OPW Division (Dover) for a change of venue to Rockland County, unanimously reversed, on the law and the facts, and the motion for a change of venue denied, without costs.

Plaintiff James Brady sustained an injury to his eye when the nozzle of the hose on a gas pump malfunctioned on February 18, 1984 at an Exxon gas station located in Bardonia, New York, in Rockland County. On September 24, 1986 plaintiffs commenced this action in Bronx County by service of a summons and complaint. Venue was based upon their residence in Bronx County, New York.

CPLR 503 (a) states that "the place of trial shall be in the county in which one of the parties resided when it was commenced".

Third-party defendant Dover moved for a change of venue primarily on the grounds that plaintiffs were not residents of The Bronx. The evidence does not support movant's conten-

tion. From the affidavits submitted and the deposition testimony of the plaintiffs, it appears that when this action was commenced, the plaintiffs were residents of Bronx County. The fact that they had a home in Rockland County on the date of the accident or that they spent a part of each year in Ireland is not an indication of nonresidency in The Bronx at the time the action was commenced. Thus the motion court should not have ordered a change of venue from Bronx County. Concur—Murphy, P. J., Ross, Ellerin and Smith, JJ.