■ ALVARO MARIN et al., Respondents, v LOWELL SCHULMAN et al., Defendants, et al., Third-Party Plaintiffs. ASBESTOS CORPORATION OF AMERICA, Third-Party Defendant-Appellant.— Order, Supreme Court, Bronx County (Barry Salman, J.), entered August 23, 1990, which denied the motion of third-party defendant Asbestos Corporation of America to change venue of this action from the Bronx to Westchester County, unanimously affirmed, without costs.

On March 25, 1987, plaintiff Alvaro Marin was allegedly injured in the course of his employment when he fell from a scaffold in an accident in White Plains, Westchester County. The main action was commenced on or about December 21, 1988, and venued in Bronx County based on plaintiff's residence. The third-party action against Asbestos, defendant's employer, was commenced on or about March 17, 1989, as to which issue was joined on or about July 21, 1989.

While plaintiff's wife and family admittedly reside in New Jersey, having moved there from Bronx County in 1986, prior to the happening of the accident herein, plaintiff allegedly

continued to reside during the work week in the Bronx at the same address in an apartment shared with his brothers. Subsequent to the accident, he received treatment at St. Agnes Hospital in White Plains, recuperated for a time in New Jersey, where he received further medical treatment, and then again resided in the Bronx, which was more convenient to medical care he was then receiving in Manhattan.

It is admittedly well settled that a plaintiff may have more than one residence for venue purposes. *(Hammerman v Louis Watch Co.,* 7 AD2d 817.) On the facts presented, plaintiff has sufficiently established Bronx County as his residence at the time of the commencement of the action. *(Brady v Exxon Co.,* 153 AD2d 519.) Asbestos has failed to demonstrate that the ends of justice would be served by a discretionary change of venue to Westchester County. Excluding its own employees, appellant has identified only the former employee of one of the other defendants and certain unspecified medical personnel of St. Agnes Hospital, as witnesses whose convenience would allegedly be served by the proposed change of venue, without setting forth the materiality of their expected testimony or their residence *(see, Costanzo v Cornell,* 175 AD2d 696). Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.