■ YOLANDA VAZQUEZ, Respondent, v JOHN W. CLARKE, Doing Business as WESTERVELT CLARKE'S FRUIT FARM, Appellant.—Appeal from an order of the Supreme Court (Cobb, J.), entered January 7, 1992 in Ulster County, which, upon renewal, adhered to its prior decision denying defendant's motion for a change of venue.

Looking at this record as a whole, we see no reason to disturb Supreme Court's decision denying defendant's motion to change venue from Bronx County to Ulster County. Although defendant submitted evidence that plaintiff lived in

Nassau County at the time of the accident, an affirmation by plaintiff's attorney and an affidavit by plaintiff herself, submitted in opposition to defendant's renewal motion, explain that plaintiff moved to Bronx County at the end of November 1990 after the Thanksgiving holiday. In addition, upon reviewing her deposition transcript, plaintiff appropriately amended it *(see,* CPLR 3116 [a]; *Steiger v Mason,* 125 AD2d 391, 392) to reflect when she moved. From all the evidence, it appears that plaintiff was residing in Bronx County at the time this action was commenced and, therefore, that County is an appropriate venue for this action *(see,* CPLR 503 [a]; *Brady v Exxon Co.,* 153 AD2d 519).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.