◼ JOSEPHINE MORALE, Respondent, v LA GRANGE INN, INC., Appellant.—In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated September 6, 1988, as denied its motion to change the venue of this action to Suffolk County. The appeal brings up for review so much of an order of the same court, dated November 1, 1988, as, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated September 6, 1988, is dismissed, as that order was superseded by the order dated November 1, 1988, made upon reargument; and it is further,

Ordered that the order dated November 1, 1988, is reversed

insofar as reviewed, that part of the order dated September 6, 1988, which denied the motion to change the venue of the action is vacated, and the motion to change the venue of this action to Suffolk County is granted; and it is further,

Ordered that the Kings County Clerk shall forthwith deliver to the Suffolk County Clerk all papers filed in the action and certified copies of all minutes and entries in the action; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff's summons states that she resides in Brooklyn. The complaint states that she resides in "the City and State of New York". The alleged accident occurred in Suffolk County. This action has no connection to Kings County, other than the assertion by the plaintiff that she resided in Kings County. When, during discovery, the defendant received various documents, including the plaintiff's hospital records, showing her residence as Bristol, Connecticut, it moved to change the venue of the action to Suffolk County.

A motion to change venue pursuant to CPLR 510 may be made at any time before trial, and is addressed to the sound discretion of the trial court (Brevetti v Roth, 114 AD2d 877). Here, other than one self-serving, conclusory statement made by the plaintiff at her examination before trial, that she "live[s] in two places * * * Brooklyn * * * and Bristol, Connecticut", the plaintiff presented no evidence showing that she did in fact have a residence in Brooklyn. Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendant's motion to change the venue of the action from Kings County to Suffolk County. Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur.