■ JAIME MARTINEZ, Appellant, v LAWRENCE SEMICEVIC, Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered June 21, 1990, which, *inter alia,* granted defendant's motion to change venue of this action from Bronx to Westchester County, and denied plaintiff's cross motion to amend the summons and complaint, and order of the same court and Justice entered July 18, 1990, which denied plaintiff's motion to renew and reargue, affirmed, without costs.

On May 3, 1989, plaintiff was allegedly struck by defendant's vehicle while crossing 161st Street in Bronx County, between River Street and Gerard Avenue. Plaintiff, who alleged in the complaint that he resides in New York County, placed venue in Bronx County on the stated ground of the "[p]lace of occurrence." After defendant moved to change venue to the place of his residence, Westchester County, plaintiff, for the first time contended, through counsel, that at the time the action was commenced, he had dual residences— i.e., one on West 156th Street in New York County, as alleged in the complaint, and another in Bronx County, on West Tremont Avenue which, according to the hospital emergency room record, is also the residence of his cousin "Marigarita". The motion was granted. Plaintiff subsequently moved for reargument and renewal, which was denied upon the grounds that the court had not overlooked or misapprehended the law, and that the facts offered were known at the time of the original motion.

It is settled that a plaintiff may have two residences for

venue purposes *(Hammerman v Louis Watch Co.,* 7 AD2d 817). Here, however, even if plaintiff's belatedly submitted affidavit is considered, plaintiff has failed to establish that he maintained a bona fide Bronx County residence *(cf., Brady v Exxon Co.,* 153 AD2d 519). Aside from his conclusory statement that he maintains two residences, plaintiff has not established that he actually resided in Bronx County at the time he commenced the action, much less that he did so with any degree of permanence. His affidavit failed to explain how long he has resided at the Bronx address, or how he divides his time between these alleged residences, and is entirely unsupported by documentary evidence, such as a driver's license, voter's registration card or utility bill. Plaintiff's receipt of two letters at the Bronx address will not suffice to establish residency for purposes of defeating a properly brought motion to change venue. Concur—Sullivan, J. P., Kupferman, Asch and Kassal, JJ.

Milonas, J., dissents in a memorandum as follows: On May 3, 1989, plaintiff was crossing 161st Street near River Avenue in the Bronx when he was allegedly struck by defendant's vehicle, causing him to sustain physical injuries. He thereafter instituted this action in the Supreme Court in Bronx County, stating that the basis of venue was the "[p]lace of occurrence." Defendant subsequently moved to change venue to Westchester County on the ground that neither party maintains a residence in the Bronx, and defendant lives in Westchester County. Plaintiff opposed the motion and cross-moved to amend the summons and complaint to reflect his supposed dual residences at 2529 West Tremont Avenue in the Bronx and 516 West 156th Street in Manhattan. Since plaintiff's attorney was purportedly unable to locate his client within the time period required to respond to defendant's motion, the cross-motion was supported only by his lawyer's affirmation that plaintiff had dual residency and by the record of plaintiff's emergency admission to Lincoln Hospital in the Bronx following the accident. Plaintiff had informed the staff of Lincoln Hospital that he lives at West Tremont Avenue and gave his cousin, who has the same address, as the next of kin.

The Supreme Court granted the change of venue on the ground that since plaintiff resides in New York County, and CPLR 503 provides that the trial be held in the county in which one of the parties resides when it is commenced, the Bronx is not a proper venue. According to the court, plaintiff had failed to submit an affidavit giving the Bronx as his place of residence. Plaintiff then moved for reargument and re-

newal, specifically advising the court of counsel's inability to contact his client prior to the return date of defendant's request for a change of venue. Attached to plaintiff's motion were an affidavit from plaintiff as to his dual residency and copies of letter envelopes mailed to plaintiff at the Bronx address. In opposition, defendant argued that there were no new facts that could not have been readily obtained at the time of the original motion and that, in any event, plaintiff had demonstrated no more than the existence of a person willing to accept his mail at the Bronx address. The court, agreeing with defendant's contentions, denied reargument and renewal.

CPLR 503 (a) provides that "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; or, if none of the parties then resided in the state, in any county designated by the plaintiff. A party resident in more than one county shall be deemed a resident of each such county." Defendant's desire to change venue herein was predicated entirely upon the fact that plaintiff did not allege in his summons and complaint that he is a resident of the Bronx. Certainly, defendant has never urged that either the convenience of witnesses or the availability of other evidence would be enhanced by a shift to Westchester County. Indeed, since the accident occurred in the Bronx, such a claim could hardly be reasonably advanced. The Supreme Court, however, despite the assertion by counsel in plaintiff's answering papers and cross-motion that plaintiff has dual residency, summarily granted defendant's request for a change of venue without even holding a hearing in the matter or first giving plaintiff an opportunity to furnish an affidavit to that effect. The court, further, did not consider at all the fact that Lincoln Hospital's emergency room records might be indicative of a Bronx residency by plaintiff.

Moreover, CPLR 3025 (b) states that leave to amend the pleadings "shall be freely given" absent prejudice or surprise resulting directly from the delay (McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755). For the court to decline permission to plaintiff to amend his pleadings to reflect a dual residency was unjustified under the circumstances. Defendant did not allege, much less show, any conceivable prejudice or surprise. Yet, he gained a change of venue to his home county simply for technical reasons and without regard to fairness or the reality of the situation (that is, whether plaintiff does, in fact, maintain a dual residency,

as well as the convenience of witnesses and the availability of the evidence). Plaintiff, unfortunately, may have been unnecessarily deprived of his right to have the action tried in the county of his choice.