■ GARY MCKENZIE, Appellant, v MAJ TRANSIT, INC., et al., Respondents. [611 NYS2d 191] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered on or about January 29, 1993 which, *inter alia,* granted defendants' motion to change venue of this action from Bronx County to Queens County and to consolidate it with an action pending in Queens County, unanimously reversed, on the law, and the motion denied, without costs.

Appeal from the order of the same court and Justice, entered on or about July 9, 1993, which granted plaintiff's motion for reargument and, upon reargument, adhered to the court's original decision, unanimously dismissed as moot, without costs.

We find that defendants did not establish that plaintiff's selection of Bronx County as the venue for the within action, based on the residence of defendant Henry Gibbs, Jr., was improper *(see,* CPLR 503 [a]). In light of the fact that defendant Gibbs' driver's license listed a Bronx address as his residence, his affidavit that he nevertheless lived at an address in Jamaica, Queens at the time of the accident was not sufficient, standing alone, to satisfy the defendants' burden of proof *(see, Martinez v Semicevic,* 178 AD2d 228). Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Williams, JJ.