■ WILLIAM ZAYAS et al., Appellants, v HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Respondent. ESTEE LAUDER COMPANY, Third-Party Defendant-Respondent. (Action No. 1.) WILLIAM ZAYAS et al., Appellants, v ESTEE LAUDER COMPANY, Respondent. (Action No. 2.) [641 NYS2d 701] —In two related negligence actions to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated March 24, 1995, which granted the motion of Estee Lauder Company, the third-party defendant in Action No. 1 and the defendant in Action No. 2, for summary judgment dismissing the third-party complaint in Action No. 1 and the complaint in Action No. 2, and granted the cross motion of the defendant in Action No. 1, Half Hollow Hills Central School District, for summary judgment dismissing the complaint in Action No. 1.

Ordered that the order is modified by deleting the provision thereof which granted the cross motion of the defendant Half Hollow Hills Central School District for summary judgment dismissing the complaint in Action No. 1, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff William Zayas was injured when he allegedly fell on a concealed hole or drain while running after a fly ball in the outfield behind Half Hollow Junior High School. The plaintiffs commenced Action No. 1 against the Half Hollow Hills Central School District (hereinafter Half Hollow Hills) and Action No. 2 against Estee Lauder Company (hereinafter Estee Lauder), the sponsor of the baseball team for which William Zayas was playing at the time he was injured. In addition Half Hollow Hills commenced a third-party action against Estee Lauder. The Supreme Court granted summary judgment to Half Hollow Hills and Estee Lauder.

The proponent of a summary judgment motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Once the movant has demonstrated a prima facie showing of entitlement of judgment, the burden shifts to the party opposing the motion to produce evidentiary proof in

admissible form sufficient to establish the existence of material issues of fact which requires a trial of the action (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Alvarez v Prospect Hosp., supra,* at 324).

Here, in response to the cross motion of Half Hollow Hills, the plaintiff presented sufficient evidence to raise a triable issue of fact as to preclude the granting of summary judgment, e.g., the exact location of the accident and whether the risk was concealed. Accordingly, the cross motion of Half Hollow Hills for summary judgment should have been denied.

The plaintiffs failed to raise any issue on appeal concerning the Supreme Court's determination that Estee Lauder owed no duty of care to William Zayas. Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.