■ THOMAS JONES-LEDBETTER, Appellant, v BILTMORE AUTO SALES, INC., et al., Respondents. [645 NYS2d 542] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Silverman, J.), entered December 11, 1995, which

granted the defendants' motion to transfer the venue of the action from Bronx County to Westchester County pursuant to CPLR 510 and 511.

Ordered that the order is affirmed, with costs.

To consider a place as a residence for venue purposes, one " 'must stay there for some time and have the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency' " (*Mandelbaum v Mandelbaum,* 151 AD2d 727, 728, quoting *Katz v Siroty,* 62 AD2d 1011, 1012). In her affidavit in opposition to the defendants' motion to transfer the venue of the action from Bronx County to Westchester County, the plaintiff indicated that on April 26, 1995, as a result of dire financial difficulties, she, her daughter, and her daughter's father moved into the Bronx County apartment of the plaintiff's mother and that they were still residing there on August 4, 1995, the date that this action was commenced. The plaintiff further indicated that when they moved to Bronx County, they did so with the intent to stay there indefinitely. However, as is undisputed by the plaintiff, approximately one week after the alleged move, she registered her 1983 Peugeot automobile at a Westchester County address. Furthermore, in her affidavit, the plaintiff acknowledged that she and her family were now residing in Putnam County. Significantly, the plaintiff provided no explanation as to why she did not remain indefinitely in Bronx County, as she claimed she intended to do. Thus, even assuming, arguendo, that the plaintiff did in fact move to a Bronx County address on April 26, 1995, and was still residing there when she commenced this action, we find that the Supreme Court properly determined that the move was not made with " 'the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency' " (*Mandelbaum v Mandelbaum, supra,* at 728). O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.