■ KATHLEEN KEARNS, Respondent, v WALTER F. JOHNSON, Respondent and Third-Party Plaintiff-Respondent. LOUANNE ROBINSON, Third-Party Defendant-Appellant; CORNELL UNIVER-

sity Press, Third-Party Defendant-Respondent. [655 NYS2d 498] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered April 4, 1996, which denied the motion of defendant and third-party plaintiff, third-party defendant-appellant and third-party defendant-respondent to transfer venue of this action from New York County to Tompkins County, unanimously reversed, on the law, without costs, and the motion granted.

The only apparent reason for plaintiff's commencement of her action in New York County was an intention on the part of her former counsel to consolidate this matter with another action arising out of the same incident that was then pending in that county. That action, i.e., *Nachtigall v Johnson*, was subsequently discontinued upon stipulation before the matters were ever consolidated.

Since the instant action has absolutely no other connection with New York County, and it is, in fact, undisputed that New York County is not a proper venue, we find that the motion to transfer venue to Tompkins County, the locale of the underlying accident as well as the residence of plaintiff and third-party defendant-appellant, should have been granted (*see,* CPLR 510 [1]).

Contrary to the IAS Court, we find that third-party defendant-appellant met the filing requirements of CPLR 511, which provides for a motion for transfer of venue as of right, where she served her demand contemporaneously with her answer and moved for transfer of venue within the 15 day period imposed by CPLR 511 (b). The fact that she was brought into the action as a third-party defendant does not diminish her right to move for a change of venue as of right (*see,* CPLR 1008; *see also,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 510.02).

In any case, the record reveals that the plaintiff stipulated that venue would be transferred. "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York,* 64 NY2d 224, 230). No such cause has been set forth here. Furthermore, we reject plaintiff's argument that evidence of this stipulation was not put before the motion court since the stipulation was attached to defendant Johnson's reply affirmation on the motion to transfer venue and was referred to in the affirmation submitted by his attorney, whose arguments were specifically adopted by the third-party defendant. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.