KEITH MERCER, an Infant, by His Mother and Natural Guardian, MARINA MERCER, Respondent, v CITY OF NEW YORK

et al., Defendants, and POLICE ATHLETIC LEAGUE, INC., Appellant. [679 NYS2d 694] —In an action to recover damages for personal injuries, the defendant Police Athletic League, Inc., appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated December 22, 1997, which granted the plaintiff's motion to vacate a judgment of the same court, entered March 3, 1997, upon the plaintiff's default in answering the appellant's motion for summary judgment, which judgment dismissed the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion to vacate the judgment is denied, the judgment is reinstated, and the complaint and cross claims insofar as asserted against the Police Athletic League, Inc., are dismissed.

The infant plaintiff was injured on August 16, 1986, when he was struck in the eye by a hard baseball thrown by his coach during little league baseball practice. At the time of the accident, the infant plaintiff was six years old. The little league practice was sponsored by the defendant Police Athletic League, Inc. (hereinafter PAL), which also supplied the equipment, including the baseballs, used during the games.

The plaintiff commenced the instant action to recover damages for his injuries alleging, *inter alia*, that PAL was negligent in allowing an infant younger than seven years old to participate in a game where a hard baseball was used.

The Supreme Court granted the plaintiff's motion to vacate his default in opposing PAL's motion for summary judgment, holding, *inter alia*, that the plaintiff had "demonstrated a meritorious cause of action against defendant PAL". We disagree.

The submissions by PAL, both in its original motion for summary judgment and in opposition to the plaintiff's motion to vacate, demonstrated, by uncontroverted probative evidence, that PAL sponsored little league only for youngsters ages seven and older, that it had no control over the coaching, training, supervision, or organization of the players on the team, and that it had no role in enforcing relevant age limits. Under these circumstances, the plaintiff failed to demonstrate that he has a meritorious cause of action against PAL (*see, Megna v Newsday, Inc.*, 245 AD2d 494; *Zayas v Half Hollow Hills Cent. School Dist.*, 226 AD2d 713; *Mongello v Davos Ski Resort*, 224 AD2d 502; *Johnson v Cherry Grove Is. Mgt.*, 175 AD2d 827; *Vogel v West Mtn. Corp.*, 97 AD2d 46), and the motion to vacate the judgment entered upon the plaintiff's default in answering the motion for summary judgment is denied. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.