■ Sandra L. Senzon, Respondent, v Bruce A. Uveges et al., Appellants. [697 NYS2d 117] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (LaTorella, J.), dated October 13, 1998, which denied their motion to change the venue of the action from Queens County to Suffolk County pursuant to CPLR 510 (1).

Ordered that the order is reversed, with costs, the motion is granted, and the venue of the action is changed from Queens County to Suffolk County; and it is further,

Ordered that the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all of the papers filed in the action and certified copies of all minutes and entries (see, CPLR 511 [d]).

On February 14, 1998, the plaintiff and the defendants were involved in an automobile accident. The police accident report indicated that the plaintiff resided in Southampton, which is located in Suffolk County. Shortly thereafter, with the filing of a summons and complaint in the Clerk's Office of the Supreme Court, Queens County, the plaintiff commenced this action to recover damages for personal injuries, claiming to be a resident of Queens County. The Supreme Court denied the defendants' subsequent motion for a change of venue to Suffolk County.

We disagree. Aside from her conclusory statement that, at the time of the accident, she maintained residences both in Suffolk County and at 162-30 Powells Cove Boulevard in Queens County, the plaintiff failed to establish through documentary evidence that she actually resided in Queens County at the time she commenced this action, much less that she resided there with any degree of permanence (see, Labissiere v Roland, 231 AD2d 687). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.