■ HARRYNARINE RAMPERSAND et al., Appellants, v COURT TRANS, INC., et al., Respondents. [705 NYS2d 289] —In an action to recover damages for personal injuries and property damage, the plaintiffs appeal from an order of the Supreme Court, Queens County (Golia, J.), dated April 12, 1999, which denied their motion to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

To vacate a dismissal pursuant to CPLR 3404, the plaintiff must show a reasonable excuse for the delay, lack of prejudice to the adversary, a meritorious cause of action, and lack of intention to abandon (*see, Robinson v New York City Tr. Auth.,* 203 AD2d 351). The plaintiffs failed to do so here. Ritter, J. P., Sullivan, Luciano and H. Miller, JJ., concur.

■ DENNIS REILLY, Appellant, v PARTNERSHIP 92 WEST, L.P., et al., Respondents. [705 NYS2d 72] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Belen, J.), dated June 16, 1999, which granted the defendants' motion to change venue from Kings County to New York County.

Ordered that the order is affirmed, with costs.

The plaintiff designated Kings County as the place of trial in his summons. However, his complaint failed to identify the county in which he resided. Upon learning that the plaintiff resided in Queens County at the time the action was commenced, the defendants promptly moved pursuant to, *inter alia,* CPLR 510 (1) for a change of venue from Kings County to New York County, where their principal place of business is located. Thus, under the circumstances presented in this case, the Supreme Court properly exercised its discretion in granting the defendants' motion (*see,* CPLR 510; *Roman v Long Is. Light. Co.,* 258 AD2d 454; *Morale v La Grange Inn,* 160 AD2d 783). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.