■ RUSSELL MAGGIO et al., Respondents, v WAL-MART STORES, INC., Doing Business as WAL-MART STORES 1810, et al., Appellants. [712 NYS2d 172] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 15, 1999, as denied their motion to change the venue of the action from Supreme Court, Queens County, to Supreme Court, Dutchess County.

Ordered that the order is reversed insofar as appealed from, and the motion is granted; and it is further,

Ordered that the Queens County Clerk shall forthwith deliver to the Dutchess County Clerk all papers filed in the action and certified copies of all minutes and entries in the action; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiffs' summons states that they reside in Queens County. The amended verified complaint states that "the plaintiff was" a resident of Queens County. The bill of particulars states that "[a]t the time of the accident plaintiffs resided at 60-06 69th Street, Maspeth, Queens, New York 11378 and 158 Sawmill Road, Lake Katrine, New York 12449".

Other than a conclusory assertion that he spent 30% of his time at the Queens County address, the plaintiff Russell Maggio failed to explain how he divided his time between the two alleged residences, and his assertion was unsupported by any documentary evidence (*see, Martinez v Semicevic,* 178 AD2d 228). All of the documentary evidence in the record supports a finding that the plaintiffs resided in Lake Katrine at the time of the alleged accident.

Accordingly, it was an improvident exercise of discretion to deny the defendants' motion to change venue from Queens County to Dutchess County, the county where the alleged accident occurred, and where the defendants were located (*see, Morale v La Grange Inn,* 160 AD2d 783; *Furlow v Braeubrun,* 259 AD2d 417; *Martinez v Semicevic, supra*). Mangano, P. J., Krausman, Florio and Schmidt, JJ., concur.