■ LUDIS MONTILLA, Respondent, v RIVER PARK ASSOCIATES et al., Appellants. [723 NYS2d 670] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered January 21, 2000, which denied defendants' motion for a change of venue to Nassau County and granted plaintiff's cross motion to retain venue in Bronx County, unanimously reversed, on the law, without costs, the motion to change venue granted and the cross motion denied.

In this personal injury action based on a slip and fall by a home care attendant on the Bronx sidewalk leading to her patient's building, plaintiff's counsel designated Bronx County as venue based on his mistaken belief that defendant-owner River Park Associates' principal place of business was located in the apartment complex which includes the patient's building. With their answer, defendants served a demand for change of venue which identified defendant owner's principal office as being located in Nassau County. Plaintiff resides in New York County.

As neither of the parties resided in Bronx County when this action was commenced, the initial placement of venue was improper (CPLR 503 [a]). Plaintiff forfeited her right to select venue since she chose an improper venue and also failed to serve an affidavit in response to defendants' demand (CPLR 511 [b]; 510 [1]; *Lynch v Cyprus Sash & Door Co.*, 272 AD2d 260). While plaintiff has alleged that the convenience of material witnesses supports her venue choice, such claim is meritless since made in a conclusory manner insofar as it is based on speculation instead of specific facts. Concur—Nardelli, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.