■ BETTY K. FALK, Appellant, v RICHARD A. INZINNA et al., Respondents, et al., Defendant. [733 NYS2d 470] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated October 24, 2000, which granted the motion of the defendants Richard A. Inzinna and Big Geyser, Inc., to change the venue of the action from Kings County to Nassau County.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the Clerk of the Supreme Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (*see,* CPLR 511 [d]).

On November 18, 1999, the plaintiff allegedly was injured in a motor vehicle accident in Nassau County, and commenced this action in Kings County. The Supreme Court thereafter granted the respondents' motion to change the venue of the action from Kings County to Nassau County.

The Supreme Court erred in granting the motion. The plaintiff properly commenced this action in Kings County based upon the address for the corporate respondent Big Geyser, Inc. (hereinafter Big Geyser), which appeared in the police accident report (*see,* CPLR 503 [c]; *Samuel v Green,* 276 AD2d 687). The conclusory statement by the respondents' attorney in his reply affirmation that Big Geyser was located in Queens County, and not in Kings County, was insufficient to establish for the purpose of venue that its principal place of business was in fact located in Queens County at the time of the commencement of the action (*see, Samuel v Green, supra; Senzon v Uveges,* 265 AD2d 476). We also note that the motion was untimely (*see,* CPLR 511 [b]). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.