■ CLARENCE HARLEY, Respondent, v MARYLOU MILLER et al., Appellants. [743 NYS2d 316] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 29, 2001, which denied their motion pursuant to CPLR 510 (1) to change the venue of the action from Kings County to Suffolk County.

Ordered that the order is reversed on the law, the motion is granted, and the venue of the action is changed from Kings County to Suffolk County; and it is further,

Ordered that the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all of the papers filed in the action and certified copies of all minutes and entries (*see* CPLR 511); and it is further,

Ordered that one bill of costs is awarded to the defendants.

On July 5, 2000, the plaintiff and the defendants were involved in an automobile accident. The police accident report, the police field report, the hospital records, and the plaintiff's health insurance claim form indicated that the plaintiff resided in Suffolk County. Approximately one year later, upon the filing of a summons and complaint in Supreme Court, Kings County, the plaintiff commenced this action for personal injuries, claiming to be a resident of Kings County. The Supreme Court denied the defendants' subsequent and timely motion pursuant to CPLR 510 (1) to change venue to Suffolk County.

The Supreme Court erred in denying the motion. Aside from a conclusory statement in his affidavit that he resided at an address in Kings County, the plaintiff failed to establish through documentary evidence that he resided in Kings County at the time he commenced the action (*see Senzon v Uveges,* 265 AD2d 476; *Labissiere v Roland,* 231 AD2d 687; *Martinez v Semicevic,* 178 AD2d 228). Accordingly, the defendants are entitled to a change of venue.

The respondent's remaining contentions are without merit. Prudenti, P.J., S. Miller, O'Brien, McGinity and Crane, JJ., concur.