■ TATIANA GUZMAN et al., Appellants, v 560 REALTY CO., Respondent, et al., Defendants. [755 NYS2d 724] —Judgment, Supreme Court, New York County (Ira Gammerman, J., and a jury), entered June 7, 2001, in favor of defendant-respondent and against plaintiffs, unanimously affirmed, without costs.

Evidence at trial showed that only one blood lead test was taken during the period that the infant plaintiff's residence in the subject building coincided with defendant's ownership thereof, which test admittedly was not indicative of lead injury. The blood lead test that was indicative of lead injury was taken a year after defendant lost ownership of the building. Plaintiff had moved out of the building at or about the beginning of that

year period, and it was not until at least six months later that she moved back into another apartment. Such evidence fairly supports the jury's finding (*see Revill v Boston Post Rd. Dev. Corp.*, 293 AD2d 138, 142 [2002], *appeal dismissed* 98 NY2d 725 [2002]), made in response to a question posed in the trial court's verdict sheet, that the infant plaintiff did not sustain a lead paint injury while defendant owned the building. Plaintiff's challenge to the court's charge as improperly combining the questions of negligence and proximate cause is not preserved for appellate review (CPLR 4110-b, 5501 [a] [3]), and, in any event, lacks merit. Concur—Mazzarelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.