Edward O'Neill et al., Respondents, v Julav Realty, Ltd., Appellant. [769 NYS2d 223]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about October 9, 2002, which, after a jury trial, awarded plaintiff Edward O'Neill $400,000, plus interest and costs, unanimously affirmed, with costs.

As defendant concedes, the challenge to the trial court's charge on burden of proof was not raised below, and is thus

unpreserved for appellate review (CPLR 4017, 4110-b, 5501 [a] [3]; *see Guzman v 560 Realty Co.*, 303 AD2d 248 [2003]). In any event, the notice requirement was properly charged in connection with the common-law negligence claim. The court properly charged the jury in connection with the claim under General Municipal Law § 205-e, as requested by defendant. Notice of the defect could be inferred from ample evidence at trial that the marble step in the common stairwell had been cracked and unstable for an appreciable length of time prior to plaintiff police officer's slip and fall, thus demonstrating culpable negligence by defendant building owner within the contemplation of the statute (*see Lusenskas v Axelrod*, 183 AD2d 244, 248 [1992], *appeal dismissed* 81 NY2d 300 [1993]).

With regard to the missing witness charge that was given, defendant failed to show that its corporate president was unavailable or beyond its control, or that his testimony would have been cumulative (*see People v Gonzalez*, 68 NY2d 424, 428 [1986]). The defense did not present a witness with personal knowledge of the condition of the building prior to the accident, and the corporate president, at his deposition, did not deny having been in the building prior to the date of the accident.

We have considered defendant's other arguments and find them unavailing. Concur—Rosenberger, J.P., Lerner, Friedman and Marlow, JJ.