■ Ronald J. Doda et al., Appellants-Respondents, v City of New York et al., Defendants, and West Indian American Day

CARNIVAL ASSOCIATION, INC., Respondent-Appellant. [774 NYS2d 433]—

In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 2, 2002, as granted that branch of the motion of the defendant West Indian American Day Carnival Association, Inc., which was for summary judgment dismissing the cause of action based on General Municipal Law § 205-e insofar as asserted against it, and the defendant West Indian American Day Carnival Association, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the plaintiffs' common-law negligence causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant West Indian American Day Carnival Association, Inc. (hereinafter the Association), was entitled to summary judgment dismissing the plaintiff's cause of action based on General Municipal Law § 205-e insofar as asserted against it since it established that the plaintiff's injuries were not caused by its negligent failure to comply with the "requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus" (General Municipal Law § 205-e [1]; see Galapo v City of New York, 95 NY2d 568 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether their injuries were so caused (see General Municipal Law § 205-e [1]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Brunelle v City of New York, 269 AD2d 347 [2000]).

The Association failed to satisfy its burden on that branch of its motion which was for summary judgment seeking dismissal of the common-law negligence causes of action, as it did not establish its entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

The Association did not submit any evidence with its moving papers to establish that it did not control or supervise the sound level of the music at the parade (*see Adler v Suffolk County Water Auth.*, 306 AD2d 229 [2003]; *cf. Mercer v City of New York*, 255 AD2d 368 [1998]). The evidence submitted by the Association for the first time in its reply was properly disregarded by the Supreme Court (*see Adler v Suffolk County Water Auth.*, *supra*). Accordingly, the Supreme Court correctly denied that branch of the Association's motion for summary judgment which was to dismiss the plaintiffs' common-law negligence causes of action. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.