■ ELUZER FURTH, Respondent, v ELRAC, INC., et al., Appellants. [784 NYS2d 112]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated December 17, 2003,

as denied their motion pursuant to CPLR 511 to change the venue of the action from Kings County to Orange County.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 18, 2003, the plaintiff was injured in an accident in Orange County involving a motor vehicle owned and operated by the defendants. On August 6, 2003, the plaintiff filed a summons with notice in the Supreme Court, Kings County, based upon the defendant driver's place of residence. After issue was joined, the defendants moved to change venue pursuant to CPLR 511 from Kings County to Orange County on the ground that Kings County was an improper venue because the defendant driver resided in Orange County at the time of the commencement of the action. The Supreme Court denied the defendants' motion.

The plaintiff properly commenced this action in Kings County based upon the defendant driver's Kings County address, which appeared in the police accident report (see CPLR 503 [c]; *Falk v Inzinna*, 288 AD2d 340 [2001]; *Samuel v Green*, 276 AD2d 687 [2000]). In support of their motion, the defendants were required to establish, through documentary evidence, that the defendant driver was a resident of Orange County and was no longer a resident of Kings County at the time the action was commenced (see CPLR 503 [a]; *Maggio v Wal-Mart Stores*, 275 AD2d 350 [2000]; *Wittich v Wittich*, 210 AD2d 138 [1994]; *Martinez v Semicevic*, 178 AD2d 228 [1991]). A residence is a place where a party stays for some period of time with " 'the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency' " (*Samuel v Green, supra*, at 687, quoting *Mandelbaum v Mandelbaum*, 151 AD2d 727 [1989]; *see Jones-Ledbetter v Biltmore Auto Sales*, 229 AD2d 518 [1996]). The defendant driver's conclusory statements that he resided at an address in Monroe, Orange County, at the time of the accident and at the commencement of this action were insufficient to establish that he actually resided in Orange County at the time the action was commenced (see *Harley v Miller*, 295 AD2d 401 [2002]; *Maggio v Wal-Mart Stores, supra*; *Senzon v Uveges*, 265 AD2d 476 [1999]). Furthermore, the defendants' documentary evidence improperly submitted for the first time in reply (see CPLR 2214; *Doda v City of New York*, 6 AD3d 490 [2004]; *Correa v Salke*, 294 AD2d 461 [2002]) either was irrelevant (see *Buziashvili v Ryan*, 264 AD2d 797 [1999]; *Siegfried v Siegfried*, 92 AD2d 916 [1983]) or insufficient to establish that the defendant driver was a resident of Orange County and was no longer a resident of Kings County

for the purpose of venue (*cf. Schaefer v Schwartz*, 226 AD2d 619 [1996]; *Martinez v Hudson Armored Car & Courier*, 201 AD2d 359 [1994]). Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.