■ ROBERT CRESPI, Respondent, v M.E.I.T. ASSOCIATES, LLC, Appellant. [795 NYS2d 275]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated April 28, 2004, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

During the course of his duties as a police officer for the New York City Police Department (hereinafter the NYPD), the plaintiff went to the defendant's building as part of an NYPD program pursuant to which owners or agents of certain buildings gave the police permission to enter those buildings, conduct vertical patrols, and remove any trespassers. At the time of the accident, the plaintiff was working at one of the buildings in the program and while walking down a winding staircase connecting the fifth and sixth floors, one of the steps broke causing him to fall. Before the accident, the plaintiff had visited that building with his fellow officers practically every day for approximately one year as part of the program. None of the officers previously had a problem with the staircase.

The subject building was built as a tenement in 1909. On January 2, 1947, it was converted to a single room occupancy dwelling and on July 22, 1966, the building was converted to a 48-family class-A multiple dwelling.

The plaintiff commenced this action to recover damages for personal injuries, asserting causes of action sounding in common-law negligence and alleging violation of General Municipal Law § 205-e. In his bill of particulars, the plaintiff alleged that the condition of the staircase violated certain relevant codes and statutes. The defendant moved for summary judgment dismissing the complaint. The Supreme Court, among other things, denied the defendant's motion. We reverse.

The Supreme Court should have dismissed the plaintiff's cause of action sounding in common-law negligence. In response to the defendant's establishment of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the defendant created the alleged defect or had notice of it (*see generally Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Curiale v Sharrotts Woods, Inc.,* 9 AD3d 473 [2004]; *Lee v Bethel First Pentecostal Church of Am.,* 304 AD2d 798 [2003]).

Additionally, the Supreme Court should have dismissed the plaintiff's cause of action alleging violation of General Municipal Law § 205-e. In response to the defendant's establishment of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that the defendant violated any relevant code or statute (*see Galapo v City of New York,* 95 NY2d 568 [2000]; *Doda v City of New York,* 6 AD3d 490 [2004]). The respective certificates of occupancy which were issued after each conversion of the building demonstrated that the premises fully complied with the relevant provisions of the Administrative Code of the City of New York which were in effect at the time of each conversion (*see Hyman v Queens County Bancorp,* 307 AD2d 984 [2003], *affd* 3 NY3d 743 [2004]). Additionally, the plaintiff's contention that the defendant violated Multiple Dwelling Law § 9 (4) and § 52 (4) is without merit, since the subject staircase was constructed in 1909, before the enactment and effective date of those provisions. Finally, the plaintiff's contention that the defendant violated Multiple Dwelling Law § 78 is without merit, since the plaintiff failed to raise a triable issue of fact that the defendant created or had notice of the alleged defect (*see generally Juarez v Wavecrest Mgt. Team,* 88 NY2d 628 [1996]; *Lustenring v 98-100 Realty,* 1 AD3d 574 [2003]; *compare O'Neill v Julav Realty,* 2 AD3d 194 [2003]). Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.