■ NANCY A. HERRERA et al., Appellants, v A. PEGASUS LIMOUSINE CORP. et al., Respondents. [825 NYS2d 183]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered February 3, 2006, which, upon reargument, granted defendants' motion for a change of venue, unanimously affirmed, without costs.

The initial selection of venue was based on evidence that defendant Ramos resided in Bronx County. Defendants timely demanded a change of venue based on improper designation (CPLR 510 [1]), and sought transfer to Nassau County, where plaintiffs resided (CPLR 511 [b]). Documentary proof was submitted that Ramos resided in New Jersey, and his affidavit and deposition testimony established that he did not reside in Bronx County at the time this action was commenced.

Plaintiffs' claim of estoppel, based on their purported reliance on the Bronx address appearing on Ramos's driver's license and on the accident report, as well as his statement to plaintiffs' investigator that he resided in the Bronx, is without merit under the circumstances. We note that plaintiffs never cross-moved to retain venue in Bronx County or to transfer venue to an alternative county (*see e.g. Montilla v River Park Assoc.*, 282 AD2d 389 [2001]; *cf. Buterbaugh v Del Pesce*, 160 AD2d 584 [1990]).

We have considered plaintiffs' other arguments and find them without merit. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Sweeny, JJ.