■ HERMAN GONZALEZ, Appellant, v EDWARD J. WEISS, JR., et al., Respondents. [835 NYS2d 193]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated April 11, 2006, which granted the motion of the defendants Edward J. Weiss, Jr., and Alyss Weiss,

sued herein as Alyss J. Shurtluff, to transfer venue of this action from Kings County to Nassau County pursuant to CPLR 510 (1) and 511.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the County Clerk of the County of Nassau is directed forthwith to deliver the papers filed in this action under Nassau County index No. 7354/06 to the County Clerk of the County of Kings.

The plaintiff properly commenced this action in Kings County based on the residence of the defendants Edward J. Weiss, Jr. (hereinafter Weiss), and Alyss Weiss, sued herein as Alyss J. Shurtluff (hereinafter Shurtluff), as stated in the police accident report (see CPLR 503 [a]; Ruiz v Lazala, 26 AD3d 366, 367 [2006]; Furth v ELRAC, Inc., 11 AD3d 509, 510 [2004]; Falk v Inzinna, 288 AD2d 340, 341 [2001]). In moving to transfer venue to Nassau County, Weiss and Shurtluff presented conclusory affidavits which were insufficient to establish that they resided in Nassau County, not Kings County, at the time of commencement of the action (see Furth v ELRAC, Inc., supra; Harley v Miller, 295 AD2d 401 [2002]). Moreover, the documentary evidence improperly submitted by Weiss and Shurtluff for the first time in their reply papers was insufficient to establish that they resided in Nassau County when this action was commenced (see Furth v ELRAC, Inc., supra). Accordingly, the Supreme Court should have denied Weiss and Shurtluff's motion to transfer venue of this action from Kings County to Nassau County pursuant to CPLR 510 (1) and 511. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.