**JESUS CRUZ** et al., Respondents, v **TAINO CONSTRUCTION CORP.** et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. **HERMITAGE INSURANCE COMPANY**, Third-Party Defendant-Respondent-Appellant. [830 NYS2d 902]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about December 2, 2005, which granted the motion by third-party defendant Hermitage Insurance Company (Hermitage) for severance of the third-party action and denied its motion for a change of venue in the same action, unanimously modified, on the law, the motion granted to the extent of directing that the venue of the severed third-party action be transferred to Suffolk County, and otherwise affirmed, without costs.

The motion court properly severed the main and third-party actions, since those actions do not involve common questions of

law or fact. The issue in the third-party action is whether Hermitage received contractually timely notice of the claim, while the main action involves questions of negligence (*see Dreizen v Morris I. Stoler, Inc.*, 98 AD2d 759 [1983]). Further, "[i]t is generally recognized that, even where common facts exist, it is prejudicial to insurers to have the issue of insurance coverage tried before the jury that considers the underlying liability claims" (*Medick v Millers Livestock Mkt.*, 248 AD2d 864, 865 [1998] [internal quotation marks and citation omitted]; *Kelly v Yannotti*, 4 NY2d 603, 607 [1958]).

Hermitage's motion should have been granted to the further extent of changing the venue of the severed third-party action to Suffolk County. The venue change was timely sought by Hermitage based on improper designation of venue. Inasmuch as neither Hermitage nor its insured, the third-party plaintiff, had its principal place of business in the Bronx, venue was not properly placed in Bronx County (*see Kearns v Johnson*, 238 AD2d 121 [1997]), and should have been transferred in accordance with Hermitage's request to Suffolk County, where third-party plaintiff has its principal place of business. We note in this connection that the insured never cross-moved to retain venue in Bronx County or to transfer venue to an alternative county (*see e.g. Herrera v A. Pegasus Limousine Corp.*, 34 AD3d 267 [2006]; *Montilla v River Park Assoc.*, 282 AD2d 389 [2001]). Concur—Tom, J.P., Andrias, Sullivan, Williams and Gonzalez, JJ.