■ MATTHEW INGENITO, Respondent, v WANTAGH RACKET SPORTS, INC., et al., Appellants. [852 NYS2d 167]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated October 4, 2006, which denied their motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Queens County.

Ordered that the order is reversed, on the law, with costs, the defendants' motion to change the venue of the action from Kings County to Queens County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff selected Kings County as the venue of this action based upon his purported residence. In support of its motion for a change of venue on the ground that Kings County was not a proper venue, the defendants made a prima facie showing that the plaintiff did not reside in Kings County when the action was commenced by submitting a copy of the plaintiff's affidavit dated February 11, 2006, in a related Queens County

proceeding, in which the plaintiff swore that he resided at an address in Queens County (*see Neu v St. John's Episcopal Hosp.,* 27 AD3d 538, 539 [2006]; *Ellis v Wirshba,* 18 AD3d 805 [2005]; *Furth v ELRAC, Inc.,* 11 AD3d 509, 510 [2004]). To support his claim that venue was properly placed in Kings County based upon his Kings County residence, the plaintiff submitted, in opposition, his affidavit and copies of handwritten rent receipts.

For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency (*see Ellis v Wirshba,* 18 AD3d at 805; *Jones-Ledbetter v Biltmore Auto Sales,* 229 AD2d 518, 519 [1996]; *Katz v Siroty,* 62 AD2d 1011, 1012 [1978]). The plaintiff's affidavit, in which he stated that he resided at an address in Kings County during "all relevant times" and for the "last two years" but admitted that his driver's license "bears [a] Queens address," was insufficient to establish that he actually resided in Kings County at the time the action was commenced (*see Furth v ELRAC, Inc.,* 11 AD3d 509 [2004]; *Harley v Miller,* 295 AD2d 401 [2002]; *Maggio v Wal-Mart Stores,* 275 AD2d 350 [2000]). Furthermore, the handwritten receipts for monthly rent paid by the plaintiff and other individuals for an apartment at the Kings County address for over a one-year period prior to the commencement of the action were insufficient to rebut the evidence in the record that the plaintiff resided in Queens County (*see Maggio v Wal-Mart Stores,* 275 AD2d 350 [2000]; *Furlow v Braeubrun,* 259 AD2d 417 [1999]). Moreover, the plaintiff failed to demonstrate that Queens County, the county specified by the defendant, was improper (*see Ruiz v Lazala,* 26 AD3d 366, 367 [2006]; *Fisher v Finnegan-Curtis,* 8 AD3d 527 [2004]; *Nixon v Federated Dept. Stores,* 170 AD2d 659 [1991]).

Accordingly, the Supreme Court erred in denying the defendants' motion to change the venue of the action to Queens County where the plaintiff resided (*see Ruiz v Lazala,* 26 AD3d at 367). Rivera, J.P., Florio, Carni and Balkin, JJ., concur.