■ ONKAR SINGH, Respondent, v EMPIRE INTERNATIONAL, LTD., et al., Appellants. [947 NYS2d 1]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered May 23, 2011, which, in an action for personal injuries arising out of a motor vehicle accident, denied defendants' motion to change the venue of the action from Bronx County to Queens County, unanimously affirmed, without costs.

Defendant Serour's conclusory affidavit attesting to a Queens County residency, unsupported by documentation of such residency, was insufficient to satisfy defendants' initial burden of showing that the venue chosen by plaintiff was improper (*Furth v ELRAC, Inc.*, 11 AD3d 509, 510 [2004]; *McKenzie v MAJ Tr.*, 204 AD2d 154 [1994]). In any event, plaintiff sufficiently rebutted defendants' proof by submitting the police accident report, which shows that all parties, including Serour, had addresses outside of New York State at the time of the accident, thereby permitting plaintiff to designate any county as the venue for trial (see CPLR 503 [a]; *Furth*, 11 AD3d at 510). The utility bills defendants submitted for the first time in reply were properly rejected, as the reply was late and defendants failed to explain why they did not submit the bills with the original moving papers (*Furth*, 11 AD3d at 510). In any event, the bills were issued around the time of the accident, not the commencement of the action, and thus were insufficient to raise an issue of fact, especially since defendants offered no explanation for the different addresses on the bills and Serour's driver's license (see *Hernandez v Seminatore*, 48 AD3d 260 [2008]; compare *Herrera v A. Pegasus Limousine Corp.*, 34 AD3d 267 [2006]). Concur—Tom, J.P., Andrias, Saxe, Moskowitz and Acosta, JJ.