| |
|---|
| **Burman v Burman** |
| 2024 NY Slip Op 31856(U) |
| May 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655281/2023 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

----------------------------------------------------------------------------------X

SCOTT BURMAN,

                                    Plaintiff,

                    - v -

JAN BURMAN, DAVID BURMAN, STEVEN KRIEGER,
JONATHAN WEISS, CRAIG MASHEB, and B2K
DEVELOPMENT, LLC,

                                    Defendants.

----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655281/2023 |
| MOTION DATE | -- |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 110, 112, 127, 128, 129, 130, 131, 132, 177

were read on this motion to/for                    STAY                    .

        In motion sequence 001, defendants Jan Burman, David Burman, Steven

Krieger, Jonathan Weiss, Craig Masheb (collectively, Individual Defendants) and B2K

Development, LLC (B2K) move to change the venue and place of trial from New York

County to Nassau County pursuant to CPLR 503 (a), 509, 510 (1) and (3), and 511 (b).[1]

This case arises from plaintiff Scott Burman's alleged exclusion from the Engel Burman

(EB) enterprise.[2]  Specifically, the Individual Defendants allegedly formed B2K and

converted EB's assets to continue running their existing real estate development and

---

[1] Defendants also moved for a TRO  staying, pursuant to CPLR 511 (c) and 2201, pending the court's decision on the change of venue issue.  This court declined to sign the order to show cause to the extent it sought a temporary restraining order staying this action.  (NYSCEF 71, OSC at 2.)

[2] Plaintiff alleges that "'Engel Burman' or 'EB' is the name of a partnership, joint venture, and/or other unincorporated enterprise that has, for over two decades, engaged in the business of construction and real estate development, senior living business operations and property management."  (NYSCEF 137, Amended Complaint ¶ 13.)

**655281/2023   BURMAN, SCOTT vs. BURMAN, JAN ET AL**                                    **Page 1 of 6**
**Motion No.  001**

operating business without Scott Burman. (*See* NYSCEF 137, Amended Complaint [AC] ¶¶ 101-102, 107-116.)

## Discussion[3]

"Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff." (CPLR 503 [a].) "[T]he place of trial of an action shall be in the county designated by the plaintiff, unless the place of trial is changed to another county by order upon motion, or by consent." (CPLR 509.) "The court, upon motion, may change the place of trial of an action where: 1. the county designated for that purpose is not a proper county." (CPLR 510 [1].) A defendant seeking to change venue bears the "burden of showing, by competent proof, that plaintiff's choice of venue on this basis was improper." (*NY Mar. & Gen. Ins. Co. v Wesco Ins. Co.*, 213 AD3d 461, 462 [1st Dept 2023] [citations omitted].) If defendant meets its initial burden, the burden shifts to plaintiff to establish that the selected venue is proper. (*See Singh v. Empire Intl., Ltd.*, 95 AD3d 793, 793 [1st Dept 2012]; *Peet's Coffee & Tea HoldCo, Inc. v N. Am. Elite Ins. Co.*, 218 AD3d 484, 484 [2d Dept 2023] ["Only if a defendant meets this burden is the plaintiff required

---

[3] Defendants' counsel shall refrain from making disparaging personal remarks towards plaintiff. (*See e.g.* NYSCEF 66, Moving MOL at 7 [calling plaintiff "lazy, disengaged blusterer" and "underqualified poser" who "has accomplished virtually nothing"] [NYSCEF pagination]; *id.* at 9 ["Scott richly deserves what will be the end result of this lawsuit: exposure as a charlatan"] [NYSCEF pagination]; *see* Standards of Civility ¶ I [B] ["Whether orally or in writing, lawyers should avoid vulgar language, disparaging personal remarks or acrimony toward other counsel, parties or witnesses"] [available at https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/JMasley-Civility.pdf].)

**655281/2023   BURMAN, SCOTT vs. BURMAN, JAN ET AL**
**Motion No. 001**

Page 2 of 6

2 of 6

to establish, in opposition, that the venue selected was proper" (internal quotation marks and citation omitted)].)

Defendants first argue that New York County is not a proper venue because none of the parties reside in New York County. This argument is unavailing. In 2017, the legislature amended CPLR 503 (a) to provide for venue in "the county in which a substantial part of the events or omissions giving rise to the claim occurred." (2017 Assembly Bill 8032 § 1, enacted as L 2017, ch 366, § 1, 2017 NY ALS 366, 2017 NY Laws 366.) Here, plaintiff relies on this added basis, alleging that venue is proper in New York County because "substantial amount of the acts and transactions in issue took place in this county and various real estate developments in issue in this case are located in this county." (NYSCEF 137, AC ¶ 10.) Defendants' reliance on authority discussing pre-2017 version of CPLR 503 (a) is misplaced.

However, upon review of the evidence defendants submitted, the court concludes that defendants have demonstrated that New York is not the proper venue. The evidence shows that EB's business is run from Nassau County where a substantial part of the events giving rise to plaintiff's claims took place. The alleged partner meeting where Krieger stated that he no longer wished to partner with plaintiff took place at the offices located in Nassau County. (NYSCEF 56, Jan Burman aff ¶ 24; NYSCEF 137, AC ¶¶ 87-88.) All major decisions regarding the operation of the business were made at the same offices in Nassau County and "[t]he events relevant to this dispute necessarily occurred in the counties in which the parties reside and the

655281/2023   BURMAN, SCOTT vs. BURMAN, JAN ET AL
Motion No.  001

Page 3 of 6

3 of 6

[* 3]

relevant entities maintain their offices." (NYSCEF 56, Jan Burman aff ¶ 23.)[4] B2K, which allegedly received EB's assets, maintains its offices and principal place of business in Nassau County. (*Id.* ¶¶ 6-8.) Additionally, most of the special purpose entities created in connection with EB's projects[5] in which plaintiff and individual defendants allegedly were members have their principal offices in Nassau County (78 entities), with no entity having its principal office in New York County. (*Id.* ¶¶ 19-22; NYSCEF 57, SPE List; NYSCEF 137, AC ¶¶ 31, 38.) Further, only four of EB's projects are in New York County. (NYSCEF 57, SPE list.) B2K and the special purpose entities maintain their books in records in Suffolk County and previously maintained their books and records in Nassau County. (NYSCEF 56, Jan Burman aff ¶ 25.)

Plaintiff, in turn, fails to meet its burden to show that New York County is in fact a proper venue. Plaintiff avers that New York County has the same or greater asset value for EB as compared to Nassau and/or Suffolk County and that New York County is a substantial revenue generator for EB. (NYSCEF 128, Scott Burman aff ¶ 8.) However, these parameters of EB's business do not demonstrate that substantial part of the events that give rise to plaintiff's claims took place in New York County. Plaintiff's reliance on the location of his attorney, defendants' attorneys, and defendant's public relations firm in New York County is unavailing for the same reason. (*Id.* ¶¶ 51-57.)

---

[4] Scott Burman resides in Suffolk County. (NYSCEF 84, Burman CPLR 511 [b] aff ¶ 5.) Jan Burman primarily resides Palm Beach County, Florida, and when in New York, he resides in Nassau County. (NYSCEF 56, Jan Burman aff ¶ 5.) David Burman, Jonathan Weiss, and Steven Krieger reside in Nassau County. (NYSCEF 62, David Burman aff ¶ 4; NYSCEF 63, Weiss aff ¶ 4; NYSCEF 64, Krieger aff ¶ 4.) Craig Masheb resides in Suffolk County. (NYSCEF 65, Masheb aff ¶ 4.)

[5] The parties disagree as to whether the total number of the entities is 84 or 83. (*See* NYSCEF 56, Jan Burman aff ¶ 18.)

**655281/2023 BURMAN, SCOTT vs. BURMAN, JAN ET AL** **Page 4 of 6**
**Motion No. 001**

Further, plaintiff's status as a signatory on filings in New York County relating projects in that county is irrelevant for the issue of venue in this case. Although plaintiff also avers that multiple meetings have been held in New York County with Krieger, architects, engineers, and other construction professionals regarding an Upper West Side project, and that the breakdown of his relationship with Krieger was due to Krieger's alleged mistakes with respect to the Upper West Side project (*see id*. ¶¶ 43-48), these events cannot be said to constitute substantial part of the events from which plaintiff's claims arise. It is not alleged that these events regarding the Upper West Side project were in furtherance of the alleged conspiracy to force plaintiff out of EB's business. (NYSCEF 137, AC ¶¶ 65-74.)

The court has considered the parties' remaining arguments and finds that they do not affect the outcome.

Accordingly, it is

ORDERED that the motion is granted, in part, to the extent that venue of this action is changed from this Court to the Supreme Court, County of Nassau; and it is further

ORDERED that the Clerk of this Court shall transfer the file in this action to the Clerk of the Supreme Court, County of Nassau and shall mark his records to reflect such transfer; and it is further

ORDERED that, within 30 days from entry of this order, counsel for defendants shall serve a copy of this order with notice of entry upon the Clerk of this Court, shall pay the appropriate transfer fee, if any, and shall contact the staff of the Clerk of this Court and cooperate in effectuating the transfer; and it is further

**655281/2023   BURMAN, SCOTT vs. BURMAN, JAN ET AL**
**Motion No.  001**

**Page 5 of 6**

5 of 6

[* 5]

ORDERED that the Clerk of the Court shall coordinate the transfer of the file in this action with the Clerk of the Supreme Court, Nassau County, so as to ensure an efficient transfer and minimize insofar as practical the reproduction of documents, including with regard to any documents that may be in digital format; and it is further

ORDERED that such service upon the Clerk of this Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)]; and it is further

ORDERED that the balance of the motion is denied.

| 5/26/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ANDREA MASLEY, J.S.C.** | |
| CHECK ONE: | X CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**655281/2023   BURMAN, SCOTT vs. BURMAN, JAN ET AL**
**Motion No.  001**

Page 6 of 6

6 of 6