■ JONATHAN FELDMAN, an Infant, by His Father and Natural Guardian, ROBERT FELDMAN, Respondent, v NORTH SHORE UNIVERSTIY HOSPITAL et al., Defendants, and PHYLLIS B. BLUMBERG, as Executrix of JEROME D. BLUMBERG, Deceased, Appellant.—In an action to recover damages for medical malpractice, the defendant Phyllis B. Blumberg, as executrix of the estate of Jerome D. Blumberg, deceased, appeals from so much of an order of the Supreme Court, Queens County (Corrado, J.), dated June 23, 1989, as denied her motion for change of venue of the action from the Supreme Court, Queens County, to the Supreme Court, Nassau County.

Ordered that the order is affirmed insofar as appealed from, with costs.

We conclude, contrary to the defendant Blumberg's position,

that her change of venue motion was properly denied. To the extent that the defendant Blumberg's motion was premised upon CPLR 510 (1), it was without merit since the designated place of trial selected by the plaintiff was proper under CPLR 503. Additionally, in order to prevail on a change of venue motion pursuant to CPLR 510 (3) based on the convenience of witnesses, the movant must establish the identity of the witnesses who allegedly would be inconvenienced, their willingness to testify, and the nature of their anticipated testimony *(see, Alexandre v Pepsi-Cola Bottling Co.,* 150 AD2d 742; *Greene v Hillcrest Gen. Hosp.,* 130 AD2d 621). Moreover, venue motions pursuant to CPLR 510 (3) are directed to the sound discretion of the trial court and, absent an improvident exercise of discretion, the trial court's determination will not be disturbed on appeal *(see, Filler v Cornell Univ.,* 147 AD2d 610). Based on this record, we cannot conclude that the Supreme Court acted improvidently in denying the defendant Blumberg's change of venue motion based on the alleged inconvenience of key nonparty witnesses. The motion papers fail to demonstrate how these nonparty witnesses would be inconvenienced by having to go to trial in adjacent Queens County *(see, Losicco v Gardner's Vil.,* 97 AD2d 535). Moreover, a change of venue at this stage of the action, approximately four years after its commencement, is not warranted, particularly in view of the fact that the action is currently on the Trial Calendar in Queens County. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.