■ BRENDA RICH, Respondent, v DONNA M. O'CONNOR, Appellant. [623 NYS2d 265] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Graci, J.), dated September 28, 1993, which denied her motion pursuant to CPLR 510 (3) to change venue from Queens County to Albany County.

Ordered that the order is affirmed, with costs.

Since the plaintiff resided in Queens County at the time the present action was commenced, she properly designated Queens County as the place for trial in accordance with CPLR 503 (a). In support of her motion to change venue based upon the convenience of material witnesses and the ends of justice pursuant to CPLR 510 (3), the defendant was required to supply the names, addresses, and occupations of the witnesses whose convenience she claims will be affected; indicate that the prospective witnesses have been contacted and are willing to testify on her behalf; and specify the substance of each witness's testimony, which must be necessary and material upon the trial of the action (see, Biolsi v St. Charles Hosp., 210 AD2d 448; Jansen v Bernhang, 149 AD2d 468, 469).

Under the circumstances of this case, where it is undisputed that the accident involved a rear-end collision and the defendant failed to offer any nonnegligent explanation for the occurrence, her failure to maintain a safe distance between her vehicle and the plaintiff's vehicle constitutes negligence as a matter of law (see, Silberman v Surrey Cadillac Limousine Serv., 109 AD2d 833). Accordingly, there is no significant issue of liability that needs to be resolved. The defendant failed to demonstrate that the testimony of her witnesses would be material and necessary to a resolution of the remaining issue, which involves an assessment of the damages incurred by the plaintiff (Biolsi v St. Charles Hosp., supra). We further stress that the convenience of the plaintiff's treating physician is a strong factor in favor of retaining venue in Queens County (see, Messinger v Festa, 94 AD2d 792). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.