■ SOLANGE DALTON, Respondent, v LEONARD BARRETT et al., Appellants, and JAMES AVELLINI et al., Defendants. [712 NYS2d 566] —In an action to recover damages for personal injuries, the defendants Leonard Barrett and Evadne Barrett appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated April 16, 1999, which denied their motion to change the venue of the action from Kings County to Nassau County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (*see,* CPLR 511 [d]).

None of the parties resided in Kings County at the time of the commencement of the action. Therefore, the plaintiff's choice of venue was improper, and she forfeited her right to select the venue of the action (*see,* CPLR 503 [a]; *Bailon v Avis Rent A Car,* 270 AD2d 439; *Anderson v Ungar,* 267 AD2d 186; *Collins v Dart Tr. Co.,* 265 AD2d 368; *Panco Dev. Corp. v Platek,* 262 AD2d 292). The Supreme Court improvidently exercised its discretion in denying the appellants' timely motion to change the venue to Nassau County, where the plaintiff and at least one other defendant resided at the time of the commencement of the action (*see,* CPLR 503 [a]; 510, 511; *Nixon v Federated Dept. Stores,* 170 AD2d 659, 660). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.