■ MEI YING WU, Respondent, v WALDBAUM, INC., Appellant. [726 NYS2d 448] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated June 5, 2000, which granted the plaintiff's motion pursuant to CPLR 510 (3) to change the venue of the action from Suffolk County to Queens County.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, and the Clerk

of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in this action and certified copies of all minutes and entries (*see,* CPLR 511 [d]).

The plaintiff, a Queens County resident, commenced this action to recover damages. for personal injuries which she allegedly sustained when she slipped and fell in the defendant's supermarket in Queens County. She placed the venue of this action in Kings County based on the mistaken belief that Kings County was the location of the defendant's principal place of business. However, after making a timely demand pursuant to CPLR 511 (a) for a change of venue, the defendant successfully moved to change venue from Kings County to Suffolk County on the ground that its principal place of business is in Suffolk County. Thereafter, the plaintiff moved to change venue from Suffolk County to Queens County based on "the convenience of [the] * * * witnesses and the ends of justice" (CPLR 510 [3]). The Supreme Court granted the motion. We reverse.

By commencing this action in an improper venue in the first instance, the plaintiff forfeited the right to designate venue (*see, Kaplan v Waldbaum's Inc.,* 208 AD2d 683, 684; *Nixon v Federated Dept. Stores,* 170 AD2d 659; *Bruder v Pepsi Cola,* 166 AD2d 243). Although the Supreme Court was not precluded from "entertaining the plaintiff's motion to change the venue of the action as a matter of discretion" (*DelValle v Baldor Elec. Co.,* 265 AD2d 445, 446; *see, Carrasco v Cablevision Sys. Corp.,* 248 AD2d 122; *Berberich v York Scaffolding Equip. Corp.,* 177 AD2d 451), under the circumstances, the Supreme Court improvidently exercised its discretion in granting that motion.

The plaintiff's motion was based on the convenience of three witnesses: herself, her daughter, and her treating physician. However, the convenience of the parties and their experts "is not relevant to a determination of a change of venue under CPLR 510 (3)" (*McAdoo v Levinson,* 143 AD2d 819, 820; *see, Smart v Schweizer,* 255 AD2d 856; *Stonestreet v General Motors Corp.,* 201 AD2d 350; *Torres v Larsen,* 195 AD2d 285). Nor should the court consider the convenience of the plaintiff's family members (*see, Person-Aaron v O'Connor,* 167 AD2d 167; *Ithaca Peripherals v Sequoia Pac. Sys. Corp.,* 141 AD2d 909). Finally, we note that the plaintiff's motion was made some 17 months after she commenced the action, and only after the defendant successfully moved to change venue from Kings County to Suffolk County (*see, Frey v Fun Tyme Ski Shop,* 163 AD2d 11, 13 [the movant is under a duty of "due diligence to raise the issue as soon as is reasonable"]; *see also,* CPLR 511 [a]). O'Brien, J. P., Goldstein, Friedmann and Smith, JJ., concur.