■ DIANNE SHEETS, Appellant, v SCOTT SHEETS, Respondent. [732 NYS2d 379] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated March 29, 2001, as denied her motion for leave to reargue a prior motion for pendente lite relief, which was determined by order of the same court, dated November 9, 2000.

Ordered that the appeal is dismissed, without costs or disbursements, as no appeal lies from an order denying a motion for leave to reargue (*see, SantaMaria v Schwartz,* 238 AD2d 569). Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.

■ MARIETTA SMALL, Respondent, v CHRYSLER CORPORATION et al., Defendants, and MICHELIN CORPORATION et al., Appellants. [734 NYS2d 451] —In an action to recover damages for personal injuries and wrongful death, the defendants Michelin Corporation and Michelin North America, Inc., f/k/a Michelin Tire Corp., appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated July 31, 2000, which denied the motion of the defendant Daimler Chrysler Corporation, in which the defendants Michelin Corporation and Michelin North America, Inc., f/k/a Michelin Tire Corp., joined, pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Nassau County.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the motion of the defendant DaimlerChrysler Corporation, in which the appellants joined, to change the venue of the action from Kings County to Nassau County based upon "the convenience of material witnesses and the ends of justice" (CPLR 510 [3]). The motion papers failed to sufficiently demonstrate that the nonparty witnesses would be inconvenienced if venue were not changed (*see, Blumberg v Salem Truck Leasing,* 276 AD2d 577; *Mallory v Long Is. R. R.,* 245 AD2d 493; *Murphy v Long Is. R. R.,* 239 AD2d 472; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169).

In light of this determination, we need not reach the respondent's remaining contention. Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.