■ JOSE FIGUEROA et al., Respondents, v KRISTINE M. MARI et al., Appellants. [774 NYS2d 772]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 29, 2003, which, in effect, denied their motion to change the venue of the action from Kings County to Putnam County and granted the plaintiffs' cross motion to change the venue of the action from Kings County to Queens County.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the cross motion is denied, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Putnam County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiffs, Queens County residents, forfeited their right to designate venue when they improperly commenced this action in Kings County where none of the parties resided at the time it was commenced (*see* CPLR 503 [a]; *Mei Ying Wu v Waldbaum, Inc.*, 284 AD2d 434, 435 [2001]; *Dalton v Barrett*, 275 AD2d 297, 298 [2000]; *Anderson v Ungar*, 267 AD2d 186 [1999]). The plaintiffs contend that forfeiture should not be applied in this case. However, the plaintiffs failed to establish that their choice of an improper venue was due to "reliance reasonably placed on incorrect information" (*Vasquez v Sonin*, 259 AD2d 340, 341 [1999]). The defendants properly served a demand to change venue with their answer (*see* CPLR 511 [a]) and timely moved to change venue to Putnam County, where

they reside (*see* CPLR 503 [a]; 510, 511). The Supreme Court therefore erred in denying the motion to transfer venue to Putnam County.

Furthermore, the plaintiffs failed to establish any grounds for a change of venue to Queens County as a matter of discretion (*see* CPLR 510). Accordingly, the Supreme Court improvidently exercised its discretion in granting the cross motion. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.