■ DOROTHY GREENBERG et al., Appellants, v SEAN KRUSE et al., Respondents, et al., Defendants. [804 NYS2d 98]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (Shapiro, J.), dated September 17, 2004, which granted the motion of the defendants J.C. Hambone & Company, Inc., doing business as Flanigan's Bar, and John Cunningham to change venue from Bronx County to Putnam County, and denied their cross motion to retain venue in Bronx County or, in the alternative, to change venue to New York County.

Ordered that the order is affirmed, with one bill of costs.

CPLR 503 (a) provides, in pertinent part, "except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when [the action] was commenced." Since it is undisputed that none of the parties resided in Bronx County at the time of commencement of this action, the plaintiffs' choice of venue in the county where the accident occurred was improper (*see Fisher v Finnegan-Curtis*, 8 AD3d 527, 528 [2004]; *Figueroa v Mari*, 5 AD3d 629 [2004]; *Mei Ying Wu v Waldbaum, Inc.*, 284 AD2d 434, 435 [2001]; *Dalton v Barrett*, 275 AD2d 297, 298 [2000]; *DelValle v Baldor Elec. Co.*, 265 AD2d 445, 445-446 [1999]). Moreover, by improperly commencing this action in Bronx County, the plaintiffs forfeited the right to select venue (*see Fisher v Finnegan-Curtis, supra* at 528; *Figueroa v Mari, supra*; *Mei Ying Wu v Waldbaum, Inc., supra* at 435; *Dalton v Barrett, supra* at 298; *DelValle v Baldor Elec. Co., supra*).

The defendants J.C. Hambone & Company, Inc., doing business as Flanigan's Bar, and John Cunningham (hereinafter collectively the defendants) properly served a demand to change venue before they answered (*see* CPLR 511 [a]) and timely moved to change venue to Putnam County, where most of the defendants resided (*see* CPLR 503 [a]; 510, 511).

In cross moving to retain venue in Bronx County or, alternatively, to transfer venue to New York County based on the con-

venience of material nonparty witnesses, the plaintiffs failed to sufficiently demonstrate, inter alia, the manner in which the prospective witnesses would be inconvenienced if venue was not retained in Bronx County or, alternatively, transferred to New York County (*see* CPLR 510 [3]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172 [1995]). Under the circumstances, the Supreme Court providently exercised its discretion in granting the defendants' motion and denying the plaintiffs' cross motion (*cf. Jarrett v Berner*, 8 AD3d 236, 237 [2004]; *Small v Chrysler Corp.*, 288 AD2d 208 [2001]; *Blumberg v Salem Truck Leasing*, 276 AD2d 577 [2000]; *Mallory v Long Is. R.R.*, 245 AD2d 493 [1997]; *Feldman v North Shore Univ. Hosp.*, 157 AD2d 831, 832 [1990]). Cozier, J.P., Santucci, Luciano, Fisher and Covello, JJ., concur.