■ JANE E. HITCHOFF et al., Respondents, v AIR BROOK LIMOUSINE, INC., et al., Appellants, et al., Defendant. [811 NYS2d 409]—

In an action to recover damages for personal injuries, etc., the defendants Air Brook Limousine, Inc., and Peter W. Racklin appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated July 11, 2005, as denied their motion pursuant to CPLR 510 and 511 to change the venue from the Supreme Court, Queens County, to the Supreme Court, Albany County.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the motion is granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Albany County, all the papers filed in the action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff Jane E. Hitchoff allegedly was injured in an automobile accident in Queens County. The plaintiffs, residents of New Jersey, commenced this action in Queens County against the defendants Airbrook Limousine, Inc. (hereinafter Airbrook), and Peter W. Racklin, residents of New Jersey, and the defendant Ricja D. Rice, who resides in Albany County. Airbrook and Racklin demanded pursuant to CPLR 510 and 511 that venue be changed to Albany County and, when the plaintiffs declined to consent to that change, moved for such relief.

Venue is based on the parties' residence, rather than the place in which the cause of action arose (*see* CPLR 503 [a]). Since none of the parties reside in Queens County, the plaintiffs placed venue there improperly, thereby forfeiting their right to designate venue. Consequently, in the absence of a timely cross motion to retain venue in Queens County, the Supreme Court improvidently exercised its discretion in denying the appellants' motion (*see Greenberg v Kruse*, 23 AD3d 347 [2005]; *Fisher v Finnegan-Curtis*, 8 AD3d 527, 528 [2004]). Schmidt, J.P., Mastro, Spolzino and Lunn, JJ., concur.