■ PEDRO RUIZ, Respondent, v JMANA LAZALA et al., Appellants. [811 NYS2d 410]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated July 15, 2003, as, in effect, granted their motion pursuant to CPLR 510 and 511 to transfer venue of this action from Kings County to Nassau County only to the extent of transferring venue from Kings County to Queens County.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is granted in its entirety, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

CPLR 503 (a) provides, in pertinent part, "Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced." Since it is undisputed that none of the parties resided in Kings County at the time of commencement, the plaintiff's choice of venue was improper (*see Fisher v Finnegan-Curtis*, 8 AD3d 527, 528 [2004]; *Figueroa v Mari*, 5 AD3d 629 [2004]; *Mei Ying Wu v Waldbaum, Inc.*, 284 AD2d 434, 435 [2001]; *Dalton v Barrett*, 275 AD2d 297, 298 [2000]; *DelValle v Baldor Elec. Co.*, 265 AD2d 445, 445-446 [1999]). Moreover, by improperly commencing the action in Kings County, the plaintiff forfeited the right to select venue (*see Fisher v Finnegan-Curtis, supra*; *Figueroa v Mari, supra*; *Mei Ying Wu v Waldbaum, Inc., supra*; *Dalton v Barrett, supra*; *DelValle v Baldor Elec. Co., supra*).

The defendants moved to transfer venue to Nassau County, where, according to the police accident report, the plaintiff resided (*see* CPLR 503 [a]; 510, 511). In opposition to the defendants' motion and in a cross motion, the plaintiff made no attempt to show that he properly placed venue in Kings County based on the residency of any of the parties. Furthermore, the plaintiff failed to demonstrate that the county specified by the defendants was improper.

Under the circumstances, the Supreme Court should have granted the defendants' motion to change venue as of right and transferred venue of this action from Kings County to Nassau County (*see Agostino Antiques v CGU-American Employers' Ins. Co.*, 6 AD3d 469, 470 [2004]). Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.