■ JANET ADDO, Respondent, v NEIL MELNICK, M.D., et al., Appellants. [877 NYS2d 261]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered February 20, 2008, which upon granting plaintiff's motion for reargument, denied defendants' motion for a change of venue from Bronx County to Westchester County, reversed, on the law, without costs, defendants' motion granted, and venue changed to Westchester County.

On reargument, the court denied defendants' motion because the alleged malpractice occurred in the Bronx. However, venue is based on the parties' residence (CPLR 503 [a]), not where the cause of action arose (Hitchoff v Air Brook Limousine, Inc., 26 AD3d 310 [2006]). The "residence" of a natural person is his or her abode, not office (see Friedman v Law, 60 AD2d 832 [1978]), and the individual defendant here resides in Westchester County. The corporate defendant also "resides" in Westchester. "The designation of a county as the location of a corporation's principal office in a certificate of incorporation is controlling in determining corporate residence for the purposes of venue" (Conway v Gateway Assoc., 166 AD2d 388, 389 [1990]), even if the corporation maintains an office or facility in another county (Altidort v Louis, 287 AD2d 669, 670 [2001]), and even if it is a professional corporation (see Della Vecchia v Daniello, 192 AD2d 415 [1993]).

In its original decision, the motion court properly found plaintiff's affidavit insufficient as proof of her residence because it contradicted her prior deposition testimony that she had moved from the Bronx to New Jersey prior to November 22, 2006, the date on which she commenced this action (*see Nemeroff v Coby Group*, 54 AD3d 649, 650-651 [2008]). In this regard, plaintiff had testified that she thought she moved to New Jersey on a Friday during the third week of November 2006 on what she thought was the 18th day of the month.* While the dissent construes this testimony as an expression of uncertainty, we find it an admission. We look to Federal Rules of Evidence rule 801 (d) (2) (B), which defines a party's admission as "a statement of which the party has manifested an adoption or *belief* in its truth" (emphasis added). Inasmuch as the phrase "I think" is an expression of belief, we conclude that such an expression can be an admission. The binding effect of such an admission is illustrated by this Court's recent decision in *McNeill v LaSalle Partners* (52 AD3d 407 [2008]), which reads, in part, as follows: "The trial court also erred in precluding appellants from questioning plaintiff on cross-examination about his deposition testimony that the liquid on which he slipped might have been 'encapsulate' (a milky liquid used in the abatement of asbestos) . . . At his deposition, plaintiff testified that he *thought* the liquid on which he slipped 'could be some kind of encapsulate, but I wasn't sure.' At trial, however, plaintiff testified that he had no idea what kind of liquid had caused his accident. Under these circumstances, appellants were entitled to question plaintiff about the deposition testimony in question, both for purposes of impeachment and to use the prior inconsistent testimony as *evidence-in-chief that the liquid was encapsulate*" (*id.* at 410 [emphasis added]).

Unquestionably an affidavit tailored to avoid the consequences of a deposition lacks evidentiary value (*see Blackmon v Dinstuhl*, 27 AD3d 241, 242 [2006]). For example, in *Concepcion v Walsh* (38 AD3d 317, 318 [2007]) we stated that: "[w]hile plaintiff's mother's affidavit asserts that there was peeling or chipping paint, her deposition testimony was that she did not know; accordingly, her affidavit lacks evidentiary value." Since plaintiff failed to submit documentary evidence (other than her own self-serving statement) supporting her claim that she resided in the Bronx when she commenced this action, and since this case does not involve conflicting affidavits, there is no need to hold a hearing as suggested by plaintiff and the dissent (*see Martinez v Semicevic*, 178 AD2d 228 [1991]; *cf. Rivera v Jensen*,

---

* We take judicial notice of the fact that November 17, 2006 fell on a Friday.

307 AD2d 229 [2003]). In this instance, the distinction the dissent draws between formal and informal admissions is of no moment. This is because plaintiff's deposition constituted the *only* evidence of plaintiff's place of residence albeit "some evidence" of same. Concur—Gonzalez, P.J., Mazzarelli, Sweeny and DeGrasse, JJ.

McGuire, J., dissents in a memorandum as follows: Plaintiff commenced this medical malpractice action in the Bronx on November 22, 2006, predicating the Bronx venue on the assertion in the summons that she resided in the Bronx. Thereafter, defendants moved to change venue to Westchester. In relevant part, plaintiff's affidavit in opposition to the motion asserted as follows: "I now clearly recollect that I moved to New Jersey on November 24, 2006. I know that I moved the Friday after Thanksgiving which would be November 24, 2006." It is undisputed that the Friday after Thanksgiving that year fell on November 24th.

The majority concludes that "[i]n its original decision [granting defendants' motion to change venue], the motion court properly [rejected] plaintiff's affidavit[, which] *contradicted* her prior deposition testimony" (emphasis added). This conclusion is not only erroneous, its implications are profoundly important.

In her deposition, taken on June 28, 2007, plaintiff testified as follows:

"Q. How long have you been living at 38 Carnation Street in Bergenfield, New Jersey?

"A. I think from November.

"Q. November of 2006?

"A. 2006, yes.

"Q. What date in November did you move to Carnation Street?

"A. I *think* that was Friday.

"Q. Do you know the day of the week, the day in November, the 1st, 2nd[,] 3rd?

"A. I *think* middle week.

"Q. I'm talking about the day?

"A. The day. Oh, I *think* the third week.

"Q. Do you know the specific day?

"A. Friday.

"[PLAINTIFF'S COUNSEL]: Do you know if it was the 25th, 26th, 20th?

"A. I *think* that was the 18th or so?

"Q. You *believe* it was on a Friday?

"A. I *think* so." (Emphasis added.)

As is evident from these excerpts—no other portions of her testimony bear on the subject—plaintiff expressly stated her uncertainty concerning the date she moved to New Jersey. Only with regard to the month and day of the week did plaintiff make unqualified statements, testifying that she moved in November of 2006 and that she moved on a Friday, albeit after first indicating uncertainty that it was November and a Friday (but even as to the day of the week she went on to again express uncertainty). Consistent with that testimony, plaintiff averred in her affidavit that it was indeed a Friday in November 2006, namely, the Friday after Thanksgiving.

On the decisive question on this appeal, the date in November 2006 on which plaintiff moved out of the Bronx, the deposition excerpts quoted above expressly denote plaintiff's uncertainty. If plaintiff had unqualifiedly asserted in her deposition that she moved on November 18, her affidavit would be inconsistent with her testimony. Whether we properly could conclude that such an inconsistency justifies disregarding her affidavit entirely, presumably on the theory that it is inconceivable that she could have erred in her deposition, is a matter I need not address. The majority, however, should address an aspect of her deposition that is more significant than the fact that the affidavit is consistent with her testimony that she moved on a Friday in November. That is, plaintiff testified that she "th[ought]" she moved on a Friday in the "third week" of November. Although Friday November 24, 2006 was the fourth Friday in November of that year, it fell during the third, full week in November.

The crucial point is that a prior factual assertion that is tentative is not contradicted by a later statement that is definite; rather, the uncertain statement is clarified. We should not deprive plaintiff of her statutory right to designate the Bronx as the place of trial by imputing to her a contradiction where only a clarification can be found. Doing so is not only illogical, it is inconsistent with the principle that the function of the motion court is to identify and not resolve disputed issues of material fact (*see generally Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]). On the basis of an illogical characterization of her affidavit, the majority deprives plaintiff of her statutory right without even giving her an opportunity to testify at a hearing and possibly impress the trier of fact with her demeanor and her explanation for her subsequent certainty concerning the date she moved. That is all the more unfortunate for two reasons: it is a matter of common human experience that some

people are not particularly good at recalling dates, and it hardly is implausible that upon reflection plaintiff could have recalled that she still resided in the Bronx on Thanksgiving Day in 2006.

The majority is unpersuasive in also disparaging as "self-serving" plaintiff's sworn statement that she moved on November 24, 2006. All that fairly can be said is that this statement supports plaintiff's position. Of course, there would be no dispute about venue if plaintiff did not support her position in her affidavit. Moreover, a sworn assertion of fact by a party, unless conclusively refuted by documentary evidence, is sufficient to require a hearing (*see Collins v Glenwood Mgt. Corp.*, 25 AD3d 447 [2006]). Despite the absence of any such documentary evidence from defendants, the majority puts the burden on plaintiff to come forward with documentary evidence supporting her sworn factual assertion of a residency in the Bronx through Thanksgiving 2006.

I agree with the majority that plaintiff's statement at her deposition that she thought she moved to New Jersey on a Friday during the third week of November 2006, on what she thought was November 18th, is an admission. I disagree, however, with the majority's conclusion that this admission conclusively established that plaintiff moved to New Jersey before she commenced this action on November 22, 2006.

Judicial admissions take one of two forms, formal or informal. Formal judicial admissions take the place of evidence and are conclusive evidence of the facts admitted (*People v Brown*, 98 NY2d 226, 232 n 2 [2002], citing Prince, Richardson on Evidence § 8-215, at 523 [Farrell 11th ed]). However, an admission will only be characterized as "formal" where the party who made the admission *conceded* the truth of a fact alleged by the other party (Prince, Richardson on Evidence § 8-215, at 523). Examples of formal judicial admissions include: (1) admissions of fact made pursuant to CPLR 3123, (2) facts admitted pursuant to a stipulation, (3) facts admitted in open court, such as a plea in a criminal proceeding, and (4) facts admitted in a formal pleading (Prince, Richardson on Evidence § 8-215, at 523-524).

On the other hand, informal judicial admissions are facts incidentally admitted during the course of a judicial proceeding (Prince, Richardson on Evidence § 8-219, at 529). An informal judicial admission is not conclusive of the fact "admitted," but rather is merely some evidence of that fact (*People v Brown*, 98 NY2d at 232; *People v Rivera*, 45 NY2d 989 [1978]; Prince, Richardson on Evidence § 8-219, at 530). A classic example of an informal judicial admission is a statement made by a party at a deposition (Prince, Richardson on Evidence § 8-219, at 530;

see also Matter of Union Indem. Ins. Co. of N.Y., 89 NY2d 94, 103 [1996] [statement made in affidavit]; People v Rivera, supra [statement made in affidavit]; Baje Realty Corp. v Cutler, 32 AD3d 307 [2006] [statement made in affidavit]).

Here, plaintiff did not concede that she moved to New Jersey on a Friday during the third week of November 2006, on what she thought was November 18th. Rather, she testified that she "thought" and "believe[d]" that she moved to New Jersey at that time, an incidental admission. Given the absence of a concession by plaintiff—the sine qua non of a formal judicial admission—the majority errs in according plaintiff's informal judicial admission conclusive effect.

The principal case on which the majority relies, McNeill v LaSalle Partners (52 AD3d 407 [2008]), supports my position. In McNeill, the plaintiff slipped and fell on a liquid substance on a floor of the construction site at which he was working. The plaintiff commenced a Labor Law action against the owner of the premises and the construction manager; those defendants commenced a third-party action against the asbestos abatement subcontractor for contribution or indemnification. At trial, the plaintiff testified that he had no idea what kind of liquid he slipped on. At his deposition, however, the plaintiff testified that he thought the liquid on which he slipped "could be some kind of encapsulate [i.e., a liquid used in asbestos abatement projects], but I wasn't sure." Supreme Court precluded the owner and construction manager from questioning the plaintiff about his deposition testimony, which was clearly inconsistent with his trial testimony, and dismissed the owner and construction manager's third-party claims against the subcontractor.

We reversed and ordered a new trial, finding that the owner and construction manager were entitled to question the plaintiff about his deposition testimony, and that the owner and construction manager could use the deposition testimony both to impeach the plaintiff and as evidence-in-chief. Consistent with the well-established principle that an incidental admission made by a party during the course of a judicial proceeding is an informal judicial admission that is only some evidence of the fact admitted, we remanded for a new trial.

The majority's reliance on Martinez v Semicevic (178 AD2d 228 [1991]) is misplaced. There, the plaintiff did not claim that he resided both in the Bronx and in Manhattan until after defendant moved to change venue and then advanced that claim through counsel. The plaintiff did not submit an affidavit until after the motion to change venue was granted, and when he moved for reargument and renewal. Under these very different

circumstances, this Court relied in part on the plaintiff's failure to submit documentary evidence supporting his assertion that he in fact maintained a residence in the Bronx. The understandable cynicism about the "belated[ ] . . . affidavit" in *Martinez v Semicevic* (*id.* at 229) is not warranted here.

Relatedly, the majority errs in completely disregarding plaintiff's affidavit on the ground that it was "tailored to avoid the consequences of [her] deposition [and] lacks evidentiary value." As we have stated, "courts have occasionally disregarded affidavits or other evidence submitted in opposition to such a motion [for summary judgment] where they *directly contradict* the plaintiff's own version of the accident and are plainly tailored to avoid dismissal of the action" (*Branham v Loews Orpheum Cinemas, Inc.*, 31 AD3d 319, 324 [2006] [emphasis added]). The affidavit at issue in *Branham* presented "one of those rare occasions where such evidence must be disregarded by this Court" (*id.*). Here, the affidavit does not contradict, let alone "directly contradict," plaintiff's deposition.

To repeat the decisive point, one the majority does not come to grips with: a prior factual assertion that is tentative is not contradicted by a later statement that is definite. Accordingly, this is not one of those "rare occasions" where an affidavit must be disregarded as "plainly tailored" to avoid an adverse result. As noted above, the majority deprives plaintiff of a statutory right by exercising a power it does not have (*Sillman*, 3 NY2d 395 [1957]) when it finds, despite the absence of the requisite direct contradiction, that plaintiff's affidavit was "[plainly] tailored."

Far more is at stake on this appeal than the erroneous deprivation of plaintiff's statutory right. I am confident the bar will appreciate what the majority does not: its position that a party can be conclusively bound by a factual statement made in a deposition cannot rationally be confined to factual statements bearing on the question of venue. Indeed, the bar surely will appreciate as well that if a party's tentative statement of a fact is conclusive whenever it is adverse to the party's position, it necessarily follows that a factual statement that is not expressly qualified by some indication of uncertainty also is conclusive whenever it is adverse to the party's position. Mistakes occur and are not without significant consequences as they sometimes provide the opposing party with powerful impeachment material. The authorities cited above sensibly recognize that informal judicial admissions are not conclusive. The implications of the majority's position for both the manner in which depositions are conducted and the just resolution of litigation are profound and I am loathe to explore them.

For these reasons, I would direct a hearing on the issue of when plaintiff moved from the Bronx.