OPINION OF THE COURT
Charles J. Markey, J.
This personal injury action, stemming from a multivehicle collision, raises interesting issues regarding consolidation, venue, comity, judicial economy, the avoidance of forum shopping, and a seeming conflict between the “first-in-time rule” and the convenience of material witnesses where actions have been filed in two or more counties concerning the same set of facts. The novel aspect of this motion to consolidate and to transfer venue is that prior to the institution of the aforecaptioned action in this court, the second lawsuit in this litigation, a Justice of Supreme Court, Kings County, transferred the first action to Suffolk County.
The plaintiff Daniel T. Daibes, a resident of Bergen County, New Jersey, was allegedly injured on November 16, 2008, at 4:45 a.m., while driving in Kings County, New York, on the Brooklyn-Queens Expressway near the Williamsburg Bridge. According to a police accident report, taken by the New York City Police Department, the accident involved four vehicles, and two persons were allegedly injured.
Daibes is now the plaintiff in two state court actions stemming from the same vehicular accident. On September 30, 2009, the plaintiff filed Daniel T. Daibes v Shawkat Ali Khan and Mohammad A. Rahman, in Supreme Court, Kings County, bearing index No. 24694/2009. Plaintiffs counsel failed to specify in its summons the basis for its choice of venue. Under CPLR 503 (a), venue had to be in a county in New York State where one of the parties resided. Matthew A. D. Canzoneri, Esq., of the Law Offices of Nancy L. Isserlis, Esq., moved, in the Supreme Court, Kings County action, to have the action transferred to Suffolk County, where its client, Mohammad A. Rahman lived. By not having chosen an appropriate forum, plaintiffs counsel forfeited the choice of venue. {See Weiss v Wal-Mart Stores E., L.P., 83 AD3d 461, 461-462 [1st Dept 2011] [“Furthermore, since plaintiff forfeited the right to select the venue by choosing an improper venue in the first instance, venue is properly placed in Suffolk County, defendant’s designated residence for venue *620 purposes” (citation omitted)]; accord Pickering v Westchester County Health Care Corp., 41 AD3d 454 [2d Dept 2007], affg 21 Misc 3d 1130[A], 2006 NY Slip Op 52663[U] [Sup Ct, Westchester County 2006].)
In the Kings County action, although the codefendant Shawkat Ali Khan was a resident of Queens County, neither Khan’s counsel nor plaintiffs lawyers made a cross motion seeking to change the venue of that action to Queens County, based on the residence of codefendant Khan. The undersigned has asked counsel to provide the motion papers presented to the Kings County court on the motion to change venue. Plaintiffs counsel, in its opposition papers to Rahman’s motion in the Kings County action, did point out that Khan was a Queens County resident, the witnesses would be disadvantaged by traveling to Suffolk County, and that the action should be kept in a county closest to the place of the accident. No record was taken of the oral argument on the motion, and, by order dated on or about June 25, 2010, Justice Larry D. Martin, a Justice of Supreme Court, Kings County, directed that the Kings County action be transferred to Suffolk County. Justice Martin’s order briefly mentioned that the decision was based on oral argument, without further elaboration.
Once the Kings County action was transferred to Suffolk County, the Clerk of Suffolk County, on July 16, 2010, assigned it a new index No. of 26339/2010. Then, after the transfer of the action from Supreme Court, Kings County to Supreme Court, Suffolk County, of Daniel T. Daibes v Shawkat Ali Khan and Mohammad A. Rahman, the plaintiff, on September 22, 2010, filed the second action in this litigation, Daniel T Daibes v Kevin K. Cheng in Supreme Court, Queens County. Interestingly, plaintiff, upon filing the second action in Queens County, named only defendant Kevin K. Cheng as a defendant, and did not name the two defendants who were named in the first action that had been transferred from Kings County to Suffolk County.
Neither the Suffolk County action nor the Queens County lawsuit has seen much activity, little discovery has occurred, and no party has moved for a stay of the Suffolk County action.
The plaintiff Daibes, by his counsel, Sekas & Abrahamsen, L.L.C., upon the foregoing papers, has moved, before the undersigned, in the Queens County action, to consolidate both the Suffolk County and Queens County actions and to have the venue of the consolidated actions in Queens County. The *621 plaintiff and his counsel argue that the totality of the special circumstances, the convenience of most of the material witnesses and the interests of justice require that, upon consolidation, Queens County — and not Suffolk County — is the appropriate forum for the litigation.
Defendant Rahman, in his cross motion, also seeks consolidation, but urges that, based upon the temporal proximity, or the “first-in-time rule,” that the venue of the combined actions be situated in Suffolk County. Rahman naturally prefers Suffolk County since he is the only litigant and witness situated in Suffolk County.
The plaintiff, Daibes, as stated, resides in New Jersey. Defendant Mohammad A. Rahman in the Suffolk County action, as stated, resides in Centereach, Suffolk County. Defendant Shawkat Ali Khan in the Suffolk County action resides in Queens County. Kevin K Cheng, the defendant in the Queens County action, the second lawsuit, resides in Queens County.
All parties agree that, in this multivehicle accident case, consolidation should be granted. Both reason and controlling law dictate this inescapable conclusion. (See Padula v City of New York, 52 AD3d 795 [2d Dept 2008]; Baranovsky v Sanchez, 81 AD2d 601 [2d Dept 1981] [consolidation is required in automobile accident case]; Paolo v Eilat, 51 AD2d 585 [2d Dept 1976] [same]; Islam v Brown, 24 Misc 3d 1248[A], 2009 NY Slip Op 51913[U] [Sup Ct, Queens County 2009] [decision by the undersigned]; accord Rae v Hotel Governor Clinton, 23 AD2d 564 [2d Dept 1965]; State of New York v Winkle, 31 Misc 3d 1228[A], 2011 NY Slip Op 50894[U], *8 [Sup Ct, Queens County 2011] [decision by the undersigned] [consolidation is appropriate “where common questions of law or fact exist” in the two actions].)
The plaintiff has argued in both the prior motion to Justice Martin and to the undersigned that plaintiff’s health care professionals who may have to testify would be greatly inconvenienced by having to litigate in Suffolk County. In plaintiff’s reply papers, Daniel C. Bae, Esq., focuses on two of his physicians and attaches affirmations of Dr. Solomon Halioua in Saddle Brook, New Jersey, and Dr. Marc S. Arginteanu, a board-certified neurosurgeon, with offices in New York County.
First, these affirmations should have been submitted on plaintiff’s original motion to consolidate and to transfer venue, and not for the first time in reply, a tactic that is not condoned by the case law and is unfair to adversary counsel. Second, and *622 even more important, the submitted affirmations of the two physicians were not signed. Since the physician affirmations were unsigned, they are nullity, without any relevance or meaning. Since they are unsigned, the court is not free to consider them or the arguments contained in them. (See e.g. Morales v Coram Materials Corp., 51 AD3d 86, 95 [2d Dept 2008]; Murawski v Camp Nageela, 4 Misc 3d 1025[A], 2004 NY Slip Op 51045[U], *3 n [Sup Ct, Suffolk County 2004] [court declined to consider an unsigned affidavit submitted in reply].)
The fact that plaintiffs counsel did not tender signed affirmations of the plaintiffs two principal treating physicians in the motion made by the plaintiff to the undersigned to consolidate and to make the venue of the consolidated actions in Queens County is unfortunate. Had the signed affirmations been submitted, this court would have considered them in deciding whether or not to place the venue of the consolidated actions in Queens County. Indeed, the convenience of the treating physicians is regarded in several decisions as an important factor in weighing the venue of the action. (See e.g. Lafferty v Eklecco, LLC, 34 AD3d 754, 755 [2d Dept 2006]; Mavrakis v Waldbaums, Inc., 302 AD2d 501, 502 [2d Dept 2003]; Rich v O’Connor, 212 AD2d 767 [2d Dept 1995] [“We further stress that the convenience of the plaintiffs treating physician is a strong factor in favor of retaining venue in Queens County”].)
Plaintiffs act of submitting unsigned affirmations only in reply on this motion to consolidate is only one of several errors by its counsel. It brought the action first in Kings County, ignoring the venue provisions of the CPLR, where Kings County was not a legal basis for venue. When defendant Rahman moved in the Kings County action to transfer the lawsuit to Suffolk County, plaintiffs counsel ought to have made a formal cross motion to that effect and to have perfected an appeal from an adverse order, if plaintiff truly was aggrieved.
Plaintiff then brought the second action, naming only defendant Cheng, a Queens County resident, in Queens County. That second action, together with this motion, might well be perceived as an effort to undermine Justice Martin’s order and the authority of the Supreme Court, Suffolk County. Plaintiff could have made the same motion to consolidate and to change venue in the Suffolk County action, thereby both honoring Justice Martin’s decision and empowering the Supreme Court, Suffolk County, to consider globally the interests and inconveniences of most of the parties and their witnesses.
*623 Even on this motion, and extending to postsubmission, the undersigned’s chambers was constrained to call plaintiff’s counsel, on several occasions, to provide relevant documents that should have been given to the court in the main motion papers. The final straw, as pointed out by Mr. Canzoneri, in his August 19, 2011 electronic, e-mail submission to the court (his letter and attachments, numbered 10, above, on the papers submitted, was erroneously dated “August 1”), are the unsigned affirmations of plaintiffs principal treating physicians submitted by plaintiff in reply on his motion.
A letter from plaintiffs counsel, invited by the undersigned as part of postsubmission briefing, argues the unfairness of having to litigate in Riverhead. Inherent in the argument is the accusation that defense counsel Nancy L. Isserlis, Esq., whose law offices in Long Island City are only a few minutes away from the undersigned’s chambers, is profiting by her client’s Suffolk County address to make life rough for both the plaintiff and his counsel, in a war of attrition. Whatever the motives of Rah-man’s counsel, it was completely within defense counsel’s rights to take advantage of plaintiffs missteps in filing the litigation and forfeiting the venue provisions by the incorrect choice of venue.
Plaintiffs counsel’s hands are not pure here. Plaintiff chose an improper venue for the action initially and then when plaintiff lost the motion to transfer in Supreme Court, Kings County, plaintiff filed the second action in this court, in Queens County, although it had from the very beginning, known of the identity of Kevin K. Cheng as one of the drivers in the multicar collision, since he was named in the original police accident report. In this regard, even postsubmission, this court instructed plaintiffs counsel to submit the entire police accident report, since only parts of it were included in the original motion, and the pages involving Kevin K. Cheng were missing. The bottom line is that Cheng’s identity was known to plaintiffs counsel from the start. It appears that plaintiffs counsel pounced on Cheng’s residence in Queens County as a means of subverting Justice Martin’s order and getting a second bite at the apple to get the case away from Supreme Court, Suffolk County.
The plaintiff, in its motion, filed on May 27, 2011, asks that the consolidation be granted and that the venue be ordered in Queens County. Two defendants, Kahn and Cheng, are from Queens County. The police officer who responded to the scene and who prepared the police accident report is from the New *624 York City Police Department from the 90th Police Precinct located in Kings County.
The plaintiff is from New Jersey and would have to travel to Riverhead, where the Supreme Court, Suffolk County, is situated, in order to attend conferences and argue motions. Plaintiffs medical providers, in addition, are from New Jersey and New York County.
In the well-prepared and well-argued cross motion by Rah-man’s counsel, the Law Offices of Nancy L. Isserlis, attorney Matthew A. D. Canzoneri, Esq., cites several cases standing for the proposition that courts will consolidate lawsuits in the county where the first action was filed. Rahman’s counsel is correct only as a general proposition. The case law, including the older precedents cited by Mr. Canzoneri, make clear that the general rule requires deference to and consolidation in the county in which the first action was filed, under the “first-in-time rule.” (See Moor v Moor, 39 AD3d 507 [2d Dept 2007]; Amcan Holdings, Inc. v Torys LLP, 32 AD3d 337 [1st Dept 2006]; Teitelbaum v PTR Co., 6 AD3d 254 [1st Dept 2004]; Maccabee v Nangle, 33 AD2d 918 [2d Dept 1970]; Rae v Hotel Governor Clinton, 23 AD2d 564 [1965], supra; Storm v Bril, 275 App Div 954 [2d Dept 1949]; A.C. v D.R., 31 Misc 3d 517 [Sup Ct, Nassau County 2011]; Matter of Klein v Persaud, 27 Misc 3d 1205[A], 2010 NY Slip Op 50564[U] [Sup Ct, Kings County 2010]; 2A Carmody-Wait 2d § 12:4 “Effect of priority of actions”; see also Joseph v Delorenz, 2001 NY Slip Op 40165[U] [Sup Ct, Nassau County 2001].)
The aforementioned “first-in-time rule,” however, is malleable, yielding and bending in an appropriate case possessing “special circumstances.” (Gadelov v Shure, 274 AD2d 375, 375 [2d Dept 2000] [although the Sullivan County action was filed first, the Supreme Court, Kings County properly consolidated the action in the subsequently started Kings County lawsuit]; Artists Rights Enforcement Corp. v Haskins, 2008 NY Slip Op 33357[U] [Sup Ct, NY County 2008, Carol R. Edmead, J.] [a comprehensive, articulate, and thoughtful decision examining the “first-in-time rule”]; Eber-NDC, LLC v Star Indus., Inc., 14 Misc 3d 1228[A], 2007 NY Slip Op 50199[U] [Sup Ct, Nassau County 2007] [venue of trial was properly set in Nassau County, although the lawsuit in Monroe County was filed first]; see e.g. L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1, 8 [1st Dept 2007] [rejecting mechanical application of the “first-in-time rule,” especially where “a race to the courthouse would create disincentives to responsible litigation”].)
*625 Where special circumstances exist, based on a thorough balancing of all the circumstances and the provident exercise of discretion, exceptions to the general “first-in-time rule” may be made. An argument could be made that the plaintiff Daibes and his counsel, Sekas & Abrahamsen, L.L.C., should have filed the second action in Suffolk County, especially when Justice Martin transferred the Kings County action to Suffolk County. One could argue, as stated above, that plaintiff Daibes was resorting to impermissible forum shopping. (See Eder-NDC, LLC v Star Indus., Inc., 14 Misc 3d 1228[U], 2007 NY Slip Op 50199[U], *4 [2007].)
One of the cornerstones of “special circumstances” that permit a deviation from the general “first-in-time rule” is the convenience of the material witnesses. (See Pavesi v Salzberg, 57 AD3d 750 [2d Dept 2008]; Dwyer v Nobody Beats the Wiz, Inc., 23 AD3d 334 [2d Dept 2005]; Jansen v Bernhang, 149 AD2d 468 [2d Dept 1989]; Paolo v Eilat, 51 AD2d 585 [1976], supra; accord Harrison v Harrison, 16 AD3d 206, 207 [1st Dept 2005] [appellate court held that the wife’s action was essentially the first-in-time, but even if it were not, the convenience of the material witnesses and the location of important evidence constituted “special circumstances” warranting venue in the county where the wife brought her action].)
In Ackerman v Cummiskey (236 App Div 519 [4th Dept 1932]), upon which plaintiff places his principal reliance, the Appellate Division, reversing the court below, transferred the case from Monroe County, where the first action was filed, to Cattaraugus County since “it appears that the majority of the material witnesses reside in Cattaraugus county.” (Id. at 520.) The convenience of witnesses is an important factor in determining venue motions. This court has also acknowledged the case law that the convenience of a plaintiffs treating physicians is an important factor in the venue decision. (See e.g. Lafferty v Eklecco, LLC, 34 AD3d 754, 755 [2006], supra; Mavranis v Waldbaums, Inc., 302 AD2d at 502; Rich v O’Connor, 212 AD2d 767 [1995], supra.)
Contrary to the cases relied upon by plaintiff, this court’s independent legal research has found the precedent of Mei Ying Wu v Waldbaum, Inc. (284 AD2d 434 [2d Dept 2001]). In that case, the Appellate Division, Second Judicial Department, held that the lower court’s granting of the motion to change venue was an improvident exercise of discretion. Strikingly similar to the facts of the present case, in Mei Ying Wu, the plaintiff brought the action in Supreme Court, Kings County, under a *626 mistaken belief. The defendant in that case, as defendant Rah-man has done in this case, then successfully moved to have the Kings County action sent to Suffolk County based on a correct assertion of permissible venue choices and principles. The Supreme Court, Suffolk County then, on plaintiff’s motion, transferred the action to Queens County since the plaintiff, her family members, and treating physician were all from Queens. The Appellate Division reversed.
The Second Department stated, in language equally applicable to the facts of the instant case:
“The plaintiffs motion was based on the convenience of three witnesses: herself, her daughter, and her treating physician. However, the convenience of the parties and their experts ‘is not relevant to a determination of a change of venue under CPLR 510 (3).’ Nor should the court consider the convenience of the plaintiffs family members. Finally, we note that the plaintiff’s motion was made some 17 months after she commenced the action, and only after the defendant successfully moved to change venue from Kings County to Suffolk County.” (Mei Ying Wu v Waldbaum, Inc., 284 AD2d at 435 [citations omitted].)
Although the language is striking in similarity to the facts of the present action, that case, Mei Ying Wu v Waldbaum, Inc. (284 AD2d 434 [2001]), did not involve a consolidation of two actions. Although the determination of whether actions should be consolidated is a clear one, the decision on whether to transfer the venue of an action hinges crucially on whether the lower court providently or improvidently exercised its discretion.
Plaintiff’s counsel, by its several missteps, done either negligently or deliberately, is sloppy or manipulative, but this court is reluctant to lend its imprint to an application with overtones of forum shopping. Already, one Supreme Court Justice has sent the Kings County action to Suffolk County. A good argument could be made that the court to which the motion to consolidate should be made is the Supreme Court, Suffolk County, since the earlier Kings County action has been transferred to Suffolk County, and even the transfer to Suffolk County occurred before the plaintiff filed the second action in Supreme Court, Queens County. The Suffolk County action is the one filed first in time and ordinarily should be given defer *627 ence. Under the aforementioned facts, it might be argued that plaintiff was and is indulging in forum shopping.
Ironically, Rahman’s own attorney, the Law Offices of Nancy L. Isserlis, who has cross-moved for consolidation in Suffolk County, has her office in Long Island City, only a few blocks away from the Long Island City courthouse where the undersigned presides. Indeed, making defendant Rahman travel, when needed to Long Island City poses little inconvenience since the Long Island City courthouse is accessible by the Long Island Rail Road. Plaintiff argues that little interest and benefit would be served in having a consolidated case tried in Suffolk County, especially with its courthouse being in Riverhead, taxing every witness, law firm, and party — except for defendant Rahman.
Plaintiffs counsel, however, has charted the course of this litigation by its decisions, whether negligently or deliberately made. Plaintiff brought the first action in Kings County, on September 30, 2009, although no party resided in Kings, and the CPLR does not permit venue to be situated in a county simply because a motor vehicle accident occurred in that county. Plaintiff then failed to make a formal cross motion in the Supreme Court, Kings County action to have the venue of that action transferred to Queens County, based on the fact that defendant Khan resides in Queens. Plaintiff then waited till the first action was formally removed from Kings County to Suffolk County before bringing the second action in this court. Even that second action in Queens County, commenced on September 22, 2010, might be viewed as a strategy to get another court to weigh in on the venue choice.
The present motion to consolidate and transfer venue was first filed by plaintiff on May 27, 2011, 20 months after plaintiff filed its first action in Kings County and 10 months after the Clerk of Supreme Court, Suffolk County recorded, on July 16, 2010, the transfer of the original lawsuit from Kings County to Suffolk County.
The branch of the plaintiffs motion to consolidate, for all purposes, is granted. The branch of the plaintiffs motion seeking to have the venue of the consolidated actions in Queens County is denied.
Defendant Rahman’s cross motion is granted in all respects, and the venue of the consolidated action shall be in Suffolk County. This court, therefore, orders that the action of Daniel T Daibes v Kevin K. Cheng in Supreme Court, Queens County, under index No. 23984/2010, be transferred by the Clerk of
*628 Supreme Court, Queens County to the Clerk of Supreme Court, Suffolk County, and be consolidated for all purposes with Daniel T. Daibes v Shawkat Ali Khan and Mohammad A. Rahman, under Suffolk County index No. 26339/2010.
The Clerk of the Supreme Court, Queens County, accordingly, shall cause the file and all certified papers and minute book entries in Daniel T. Daibes v Kevin K. Cheng to be transferred to the Clerk of Supreme Court, Suffolk County. The consolidated actions shall proceed under Suffolk County index No. 26339/ 2010. The consolidation is for all purposes.
Any party to the consolidated actions may serve a certified copy of this order upon the Clerk of the Supreme Court, Suffolk County, and the Clerk of Supreme Court, Queens County. Any party to the consolidated actions may serve notice of entry attaching a copy of this order bearing the dated stamp of the Queens County Clerk.
It is further ordered that the caption of the consolidated action shall be:
SUPREME COURT: SUFFOLK COUNTY
-X
DANIEL T. DAIBES,
Plaintiff, Index Number 26339/2010
- against -
SHAWKAT ALI KHAN, MOHAMMAD A.
RAHMAN, and KEVIN K. CHENG,
Defendants.
-------------X
The parties, after transfer, if so advised, may apply to the Supreme Court, Suffolk County, for a preliminary conference.