Raghavendra v Stober (2019 NY Slip Op 02570)





Raghavendra v Stober


2019 NY Slip Op 02570


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2016-03074 
2016-03075
2016-03076
2016-05756
 (Index No. 604419/15)

[*1]R.S. Raghavendra, etc., appellant,
v
Louis D. Stober, Jr., etc., et al., respondents.


R. S. Raghavendra, Hicksville, NY, appellant pro se.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Adam S. Furmansky and Robert Modica of counsel), for respondents Louis D. Stober, Jr., and Law Office of Louis D. Stober, Jr., LLC.
Proskauer Rose, LLP, New York, NY (Gregg M. Mashberg and P. Kramer Rice of counsel), respondent pro se and for respondents Edward A. Brill, Susan D. Friedfel, Allison L. Martin, Donna P. Fenn, Jane E. Booth, and Trustees of Columbia University.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated November 18, 2015, (2) an order of the same court dated February 18, 2016, (3) an amended order of the same court dated February 22, 2016, and (4) an order of the same court dated March 2, 2016. The order dated November 18, 2015, insofar as appealed from, granted the motion of the defendants Edward A. Brill, Susan D. Friedfel, Allison L. Martin, Proskauer Rose, LLP, Donna P. Fenn, Jane E. Booth, and the Trustees of Columbia University, and the separate motion of the defendants Louis D. Stober, Jr., and the Law Office of Louis D. Stober, Jr., LLC, to change venue of the action to New York County, and denied that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the defendants Louis D. Stober, Jr., and the Law Office of Louis D. Stober, Jr., LLC, and the plaintiff's separate cross motion for the imposition of sanctions against the defendants Edward A. Brill, Susan D. Friedfel, Allison L. Martin, and Proskauer Rose, LLP. The amended order dated February 22, 2016, insofar as appealed from, denied that branch of the plaintiff's motion which was to stay enforcement of the order dated November 18, 2015, and transferred that branch of the plaintiff's motion which was for leave to amend the complaint to the Supreme Court, New York County, for determination. The order dated March 2, 2016, insofar as appealed from, denied the plaintiff's motion for leave to renew and reargue his opposition to the defendants' separate motions to change venue of the action to New York County and his separate cross motions.
ORDERED that the appeal from the order dated February 18, 2016, is dismissed, as that order was superseded by the amended order dated February 22, 2016; and it is further,
ORDERED that the appeal from so much of the order dated March 2, 2016, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed; and it is further,
ORDERED that the order dated November 18, 2015, and amended order dated February 22, 2016, are affirmed insofar as appealed from; and it is further,
ORDERED that the order dated March 2, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action against the defendants Louis D. Stober, Jr., individually and as attorney at the Law Offices of Louis D. Stober, Jr., LLC, and the Law Office of Louis D. Stober, Jr. LLC (hereinafter together the Stober defendants), and Edward A. Brill, Susan D. Friedfel, and Allison L. Martin, individually and as attorneys at Proskauer Rose, LLP, Proskauer Rose, LLP, Donna P. Fenn and Jane E. Booth, individually and as attorneys for Columbia University, and the Trustees of Columbia University (hereinafter collectively the Proskauer defendants). The plaintiff asserted various causes of action alleging, inter alia, fraud, breach of fiduciary duty, fraudulent inducement, breach of contract, harassment, and tortious interference with contract.
The Proskauer defendants moved, and the Stober defendants separately moved, to change venue of the action to New York County for the convenience of witnesses and because prior related actions between the parties for similar relief had been commenced and determined in New York County. The plaintiff cross-moved, inter alia, for leave to enter a default judgment against the Stober defendants and for the imposition of sanctions against the Proskauer defendants. In an order dated November 18, 2015, the Supreme Court, inter alia, granted the defendants' motions, directed the change in venue, and denied the plaintiff's cross motions, inter alia, for leave to enter a default judgment against the Stober defendants and for the imposition of sanctions against the Proskauer defendants.
The plaintiff thereafter moved for leave to amend the complaint and to stay enforcement of the order dated November 18, 2015, directing the change in venue. In an amended order dated February 22, 2016, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to stay enforcement of the order dated November 18, 2015, and transferred that branch of the motion which was for leave to amend the complaint to the Supreme Court, New York County, for determination. The plaintiff subsequently moved, inter alia, for leave to renew and reargue his opposition to the defendants' separate motions to change venue of the action to New York County and his separate cross motions. In an order dated March 2, 2016, the court, inter alia, denied the plaintiff's motion for leave to renew and reargue.
The plaintiff's appeal from so much of the order dated March 2, 2016, as denied that branch of his motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Gentry v Mean, 166 AD3d 583; Viola v Blanco, 1 AD3d 506, 507).
Motions to change venue pursuant to CPLR 510(3) are addressed to the sound discretion of the trial court and, absent an improvident exercise of that discretion, the trial court's order will not be disturbed on appeal (see Morris v Halik, 172 AD2d 502; Feldman v North Shore Univ. Hosp., 157 AD2d 831; Filler v Cornell Univ., 147 AD2d 610). Under the circumstances of this case, where the defendants satisfactorily established that key nonparty witnesses would be inconvenienced by keeping venue of the action in Nassau County, and that related litigation involving the same parties and transactions had already been venued in New York County, the Supreme Court did not improvidently exercise its discretion in transferring the venue of this action from Nassau County to New York County. Similarly, we agree with the court's denial of that branch of the plaintiff's motion which was to stay enforcement of the order dated November 18, 2015, directing the change in venue (see generally CPLR 2201), and the court's transfer of that branch of the plaintiff's motion which was for leave to amend the complaint to the Supreme Court, New York County, for determination.
We also agree with the Supreme Court's denial of that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the Stober defendants, as they did not default in answering, and that branch of the plaintiff's cross motion which was to impose sanctions against the Proskauer defendants.
Moreover, we agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for leave to renew, since he failed to present both new evidence that would change the court's November 18, 2015, determination and a reasonable justification for failing to previously present such evidence (see CPLR 2221[e]; Moore v Burns, 165 AD3d 1098; Dupree v Westchester County Health Care Corp., 164 AD3d 1211; 41st Rd. Props., LLC v Wang Real Prop., LLC, 164 AD3d 455).
The plaintiff's remaining contentions are without merit.
At this juncture, we decline the request of the Stober defendants to impose sanctions on the plaintiff (see generally 22 NYCRR 130-1.1).
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court